UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DALE W. ECONOMAN; AND ECONOMAN AND ASSOCIATES FAMILY MEDICINE,<br><br>    Plaintiffs,<br><br>    -vs-<br><br>TONDA COCKRELL; GARY L. WHISENAND; THE GARRISON LAW FIRM L.L.C., JAMES LUTTRULL, JESSICA KRUG, AND THE UNITED STATES,<br><br>    Defendants. | CASE NO: 1:20-cv-00032-GSL |

### PLAINTIFFS' OBJECTION AND RESPONSE TO DEFENDANTS' COLLECTIVE MOTIONS TO RECONSIDER AND REQUEST FOR CLARIFICATION OF THE COURT'S NOVEMBER 6, 2024 DOCKET ENTRY

1. On September 30, 2024, this Court issued an *Opinion and Order* ("September Order") which granted Summary Judgment both for and against the parties with respect to several claims and defenses. (ECF 225).

2. Of most importance here, the Court granted Summary Judgment against the movant Defendants – and in Plaintiffs' favor.

3. On October 28, 2024, Defendants Cockrell, Whisenand, United States, Luttrull, Krug, and the Garrison Law Firm each filed their respective *Motions to Reconsider*. (ECF 230; 228; and 232)

4. The Plaintiffs' deadline to respond to these *Motions* was November 11, 2024, pursuant to N.D. Ind. L.R. 7-1(3), and Plaintiffs were dutifully preparing said responses.

5. In the interim, the parties participated in a November 5, 2024 status conference, as scheduled by this Court on October 4, 2024. (ECF 226).

6. At the November 5, 2024 status conference, the Court orally granted the *Motion(s) to Reconsider* under F.R.C.P. 56(f) filed by Defendants Whisenand, United States, Luttrull, Krug, and Garrison Law Firm.

7. The Court orally denied Defendant Cockrell's *Motion to Reconsider* at the November 5, 2024 status conference.

8. Defendants collectively argued in their *Motion(s) to Reconsider* that this Court erred when it granted Summary Judgment in favor of Plaintiffs on those claims (and against those Defendants) on which Plaintiffs had not crossclaimed or moved – and therefore denied them their right to notice and opportunity to respond under F.R.C.P. 56(f).

9. Defendants' F.R.C.P. 56(f) arguments rested on two grounds: 1) that this Court failed to give the Defendants notice that summary judgment may be granted **not** in their favor and instead in favor of Plaintiffs, and 2) that the Court failed to give Defendants a fair opportunity to present evidence in opposition to the same. (See, for example, ECF 230 at 2,9; ECF 228 at 10; ECF 232 at 1).

10. Defendants cited the following cases as support in their *Motion(s) to Reconsider* – *Pactiv Corp. v. Rupert*, 724 F.3d 999, 1001 (7th Cir. 2013) and *Simpson v. Merchants Recovery Bureau, Inc.*, 171 F.3d 546, 549 (7th Cir. 1999).

11. Defendants alleged that the proffered caselaw holds that this Court denied Defendants of their right to notice and opportunity to respond under FRCP 56(f)(1).

12. Defendants collectively alleged that this Court issued summary judgment in favor of Plaintiffs "sua sponte."

13. Black's Law Dictionary defines "sua sponte" as "[w]ithout prompting or suggestion; on its own motion." *Harvey v. Town of Merrillville*, 649 F.3d 526, 530 (7th Cir. 2011).

14. *Pactiv Corp. v. Rupert* is **not** a case wherein either party had moved for summary judgment. *Pactiv Corp. v. Rupert*, 724 F.3d 999, 1001 (7th Cir. 2013).

15. *Simpson v. Merchants Recovery Bureau, Inc.* is **not** a case wherein either party had moved for summary judgment. *Simpson v. Merchants Recovery Bureau, Inc.*, 171 F.3d 546, 549-550 (7th Cir. 1999)( "In the present case, neither party had filed a motion for summary judgment, nor had the district court given any express warning it was considering granting summary judgment in favor of MRB").

16. Defendants collectively ignored all 7th Circuit Court of Appeals caselaw addressing situations wherein one party **had** filed a motion for summary judgment.

4883-7413-6822, v. 3

(For example, *Jones v. Union Pac. R. Co.*, 302 F.3d 735, 740 (7th Cir. 2002); *Goldstein v. Fid. & Guar. Ins. Underwriters, Inc.*, 86 F.3d 749, 751 (7th Cir. 1996)).

17. Moreover, Defendants collectively failed to cite to any evidence that they would have presented had they been given an adequate "opportunity."

18. In *Jones v. Union Pac. R. Co.*, 302 F.3d 735, 740 (7th Cir. 2002), the appellant asserted similar arguments now propounded by Defendants – that is, arguing that because the district court did not specifically state that it was considering the nonmovant's response brief as a cross-motion for summary judgment—or considering issuing summary judgment "*sua sponte*" — that the movant was not on notice to come forward with all of his evidence. *Id.* The Court ruled against movant, holding that "…the facts belie this argument. Jones had moved for summary judgment and marshaled all the favorable evidence available in support of that motion. Moreover, Jones does not cite to any additional evidence to add to that which he brought forward in his original motion. Hence, the granting of summary judgment did not deprive Jones of the opportunity to present any beneficial evidence."

19. The court in *Jones* also found that when the movant moved for summary judgment, **both parties** were on notice that summary judgment was under active consideration. *Id.* (emphasis added).

20. While Plaintiffs concede the Court did not give formal notice that it intended to issue an Order granting summary judgment in favor of the non-moving party (i.e. Plaintiffs), the Seventh Circuit Court of Appeals has repeatedly held that

4

formal notice is not always required. [1] *Goldstein v. Fid. & Guar. Ins. Underwriters, Inc.*, 86 F.3d 749, 751 (7th Cir. 1996)("Goldstein now claims that the resolution of the legal issues against him was inappropriate because he was not allowed to contest the facts, and that he would have had "greater incentive" to seek out disputed facts had he known summary judgment was being considered in a mode other than in his favor. At oral argument, we asked Goldstein's counsel if this wasn't a bit of **lawyerly game-playing**. He said it was not. We disagree.")(emphasis added).

21.  The Defendants in this case failed to meet the burden of showing the Court what evidence would have changed this Court's mind.

22.  In seeking relief from a district court's issuance of an order of summary judgment in favor of the non-moving party, "the party seeking reconsideration of that ruling **must identify additional evidence that would have saved it from summary judgment on that issue**." *Herrera v. Fuentes*, 2023 WL 3601907, at *5 (N.D. Ill. May 23, 2023); appeal dismissed sub nom. *Herrera v. City of Chicago*, 2023 WL 8723984 (7th Cir. Sept. 28, 2023) (emphasis added).

23.  A party cannot upend a ruling on summary judgment—even one entered *sua sponte*—"just because [it] disagrees with the outcome; they must also

---

[1] …the weight of authority is that summary judgment may be rendered in favor of the opposing party even though the opponent has made no formal cross-motion under Rule 56. *§ 2720.1 Procedure on a Motion for Summary Judgment—Summary Judgment Without a Motion*, 10A Fed. Prac. & Proc. Civ. § 2720.1 (4th ed.)

5

show that the lack of opportunity to brief the issue in some way prejudiced them." *Kellar v. Summit Seating Inc.*, 664 F.3d 169, 173, 2011 WL 6256181 (7th Cir. 2011).

24. In other words, "[A] litigant ... must show that notice and an opportunity to respond would have mattered." *Alioto v. Marshall Field's & Co.*, 77 F.3d 934, 936 (7th Cir. 1996)).

*25.* In this case, the Defendants have presented no evidence and produced no argument showing that the Court could – or should – have come to a different conclusion than the one it already did. This is fatal to their respective *Motions to Reconsider.*

26. Nevertheless, Plaintiffs understood this Court's oral Order(s) issued at the November 5, 2024 status conference to be doing just that – allowing the Defendants an opportunity to present what (if any) additional facts support that this Court got it wrong

27. Therefore, Plaintiffs request that the Court give the Defendants a reasonable opportunity to submit material facts outside of the existing record that would change the result. If they fail to do so, the Court's *September Order* of Summary Judgment should remain.

28. This is the result that has been previously issued in this District when similar arguments have been made. (See *Johnson v. Allman*, 2024 WL 1076721, at *3 (N.D. Ind. Mar. 11, 2024)(District Court giving party eighteen days to show good cause why summary judgment should not be entered "sua sponte").

6

29. Indeed – this is the remedy Defendants sought in filing their *Motion(s) to Reconsider* and in arguing that they had been denied an opportunity to present evidence in opposition to this Court's *September Order*. (*Pactiv Corp. v. Rupert*, 724 F.3d 999, 1004 (7th Cir. 2013)("Under the circumstances, the best course is a remand so that the district court can give the required notice and then entertain arguments")(See also Defendant Garrison Law Firm's *Motion to Reconsider*: "A district court is only permitted to grant summary judgment sua sponte if it (1) gave proper notice that it was considering granting summary judgment, and (2) gave a fair opportunity to present evidence in opposition of the court's entry of summary judgment. *Id.* See also Fed. R. Civ. P. 56(f)(1). **Neither requirement was met in the instant case**." ECF 228 at 6).

30. Plaintiffs do not believe that this Court got it wrong, or that Defendants were denied any opportunity or appropriate notice here. Nevertheless, the remedy that Defendants sought is the opportunity to present evidence in opposition to this Court's *September Order*. Plaintiffs are confident that no such evidence exists – especially given the Court's consideration and the length of this litigation.

31. A party moving for reconsideration bears a heavy burden. (*See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)). A motion for reconsideration is not an appropriate vehicle for re-litigating arguments that the court previously rejected or for arguing issues that could have been raised earlier. *Id.* Motions for reconsideration are utilized for a very limited purpose: to correct manifest errors of law or fact, to present newly discovered

evidence, or where there has been an intervening and substantial change in the controlling law since the submission of the issues to the court. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998); *Publishers Resource, Inc. v. WalkerDavis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665–666 (N.D. Ill. 1982), aff'd and adopted in relevant part, 736 F.2d 388, 393 (7th Cir. 1984)).

32.     Defendants have proposed no new evidence, nor any substantial change in the controlling law since the submission of the issues to this Court. Rather, they allege that this Court committed a "manifest error" in not allowing them notice and an opportunity to present new evidence that shows that this Court got it wrong. Plaintiffs ask, respectfully, that Defendants be given that opportunity – and interpreted the Court's oral Order(s) issued on November 5, 2024 as such. Plaintiffs are confident that no such new evidence exists. Nevertheless, to the extent that Plaintiffs have misinterpreted this Court's intentions – they respectfully request clarification of the same.[2]

---

[2] The Court's Docket Entry of November 6, 2024 states as follows: "Dft's respective Motions to Reconsider that the qualifies [sic] immunity findings be reconsidered. The Court will GRANT that aspect of the motions." (ECF 234). Plaintiffs assume that this Entry language has been entered in err as qualified immunity is "a question of law for the court, not a jury question." (*Smith v. Finkley*, 10 F.4th 725, 734 (7th Cir. 2021) (quoting *Riccardo v. Rausch*, 375 F.3d 521, 526 (7th Cir. 2004)). Again, Plaintiffs assume that what this Court intended at the November 5, 2024 status conference, and before the Plaintiffs had been given an opportunity to respond to the Defendants' collective *Motions to Reconsider*, was to grant the certain Defendants' *Motions to Reconsider* to the extent that this Court was allowing those Defendants an opportunity to present new evidence that would prove that this Court granted Summary Judgment in favor of Plaintiffs in error. As the parties have now been scheduled for a settlement conference on November 19, 2024, this clarification could aide all parties in their negotiations.

WHEREFORE, Plaintiffs do hereby file their formal objections to the Defendants *Motion(s) to Reconsider*, and ask this Court to clarify a deadline for Defendants Whisenand, Krug, Luttrull, United States and the Garrison Law Firm to submit any and all proposed new evidence in support of their argument(s) that this Court erred in considering and/or granting Summary Judgment in favor of Plaintiffs.

Respectfully Submitted,
DENSBORN BLACHLY LLP


/s/ *Gillian D Keiffner*
Gillian D. Keiffner, Atty No. 26804-49
Eric D. Schmadeke, Atty No. 27329-49
DENSBORN BLACHLY LLP
500 East 96th Street, Suite 100
Indianapolis, IN  46240
gkeiffner@dblaw.com
eschmadeke@dblaw.com

*Attorneys for Plaintiffs Dale W. Economan and Economan and Associates Family Medicine*

4883-7413-6822, v. 3

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2024, the foregoing pleading was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dirk De Lor
Dirk.DeLor@usdoj.gov

Wayne T. Ault
Wayne.Ault@usdoj.gov

Madison Lo Dolce
Madison.lodolce@usdoj.gov

Michael E. Brown
Mbrown@k-glaw.com

Betsy M. DeNardi
Betsy.DeNardi@atg.in.gov

Cory C. Voight
Cory.Voight@atg.in.gov


I also certify that on November 8, 2024, a copy of the foregoing document was served by United States First Class mail, postage prepaid on:

Betsy M. DeNardi
Cory C. Voight
Office of the Indiana Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770

/s/ *Gillian D. Keiffner*
Gillian D. Keiffner

4883-7413-6822, v. 3