UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DALE W. ECONOMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TONDA COCKRELL, et al., <br><br> Defendants. | Case No. 1:20-CV-32-GSL |

## OPINION AND ORDER

Before the Court is Plaintiffs' Objection and Response to Defendants' Collective Motions to Reconsider, [DE 238], in which Plaintiffs request not to proceed to trial and instead request additional briefing. For the reasons below, Plaintiffs' Motion is DENIED.

## DISCUSSION

### I.  Background and Procedural History

Plaintiffs filed this case on January 21, 2020, with the events at issue occurring as early as 2014 and thereby making some of the evidence more than ten years old.[1] Because of its age, at the November 5, 2024 status conference, the Court laid out and confirmed a plan with each of the parties, including Plaintiffs, to move this case forward *expeditiously*. This plan included setting a firm trial date. Notably, when the Court asked how Plaintiffs wanted to proceed, Counsellor Kieffner responded, "Judge, I would just like to be set for trial." [DE 239, Page 12:1-3]. As a result, the Court proceeded to schedule trial for February 3, 2025 and set the pretrial dates accordingly. [DE 234; 235]. Three days after the hearing, Plaintiffs filed the pending

---

[1] Attorneys Gillian Keiffner and Eric Schmadeke filed the Complaint on behalf of Plaintiff and have remained counsel of record since.

Motion asserting that the parties should not be proceed to trial, that the Court erred in granting Defendants' Motions to Reconsider, and that additional briefing is necessary. [DE 238].

## II. Plaintiffs' Objection and Response to Defendants' Collective Motions to Reconsider

Plaintiffs filed their Motion within the allotted time the rules allow. However, at two separate instances during the November 5, 2024 hearing, the Court stated on the record that Plaintiffs had not responded to Defendants' Motions to Reconsider.[2] At no point during the hearing did Plaintiffs correct or assert to the Court that they did plan to file something, despite the suggestion in their briefing that they were preparing a response. *See* [DE 238, Page 2:4].

The Court granted Defendants' Motions to Reconsider because the Court must adhere to the federal rules in the same manner which parties are expected to. [DE 239, Page 6:17-24; Page 7:3-13]. Because the Court did not exactingly apply Rule 56(f) and *sua sponte* granted summary judgment on the Fourth Amendment, Fifth Amendment and Malicious Prosecution (Wrongful Use of Civil Proceeding) claims, the Court granted Defendants' Motions to Reconsider on those claims, setting them for trial. *Id.*

Now Plaintiffs provide caselaw supporting their argument that the Court should not have granted the Motions to Reconsider, and instead should request Defendants provide additional briefing. This Court has reviewed the cases cited by Plaintiff. The Court is not persuaded. The Court based its decision to grant aspects of Defendants' Motions to Reconsider, as stated on the record, on the fact that the Court had not followed the federal rules. The Court is well aware of caselaw which supports its decision to *sua sponte* enter summary judgment, but ultimately has decided to allow the claims which it decided *sua sponte* to proceed to trial. The Court DENIES

---

[2] [DE 239, Page 6:5-7]: "The plaintiff did not file a motion to reconsider any of those claims..." [DE 239, Page 7:3-5]: "I know that plaintiffs have not responded to the motions to reconsider, but I do not believe that a response is necessary."

2

Plaintiffs' request for additional briefing; it is not necessary. The Court made its reconsideration decision not based on the parties' arguments, but on its own misstep.

### III. Clarification

Plaintiffs also request clarification of the claims proceeding to trial and the relevant deadlines. The following claims will proceed to trial on February 3, 2025: Malicious Prosecution (Wrongful Use of Civil Proceeding) under Indiana Law against Defendants Luttrull, Krug, Whisenand, the USA, and Garrison Law Firm; Violations of the Fourth Amendment under 42 U.S.C Section 1983 against Defendants Luttrull, Krug, Whisenand, Cockrell, the USA, and Garrison Law Firm; and Violations of the Fifth Amendment under 42 U.S.C Section 1983 against Defendants Luttrull, Krug, Whisenand, Cockrell, the USA, and Garrison Law Firm. The malicious prosecution claim against Defendant Cockrell, which Plaintiffs moved for and the Court granted summary judgment on, will proceed to trial only on the issue of damages. The Court directs the parties to the Scheduling, Pretrial Conference, and Trial Order, [DE 235], for an outline of all pretrial deadlines.

Regarding qualified immunity, Plaintiffs are partially correct that it is a question of law. Government officials "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). However, issues of fact relevant to determining whether qualified immunity applies are questions for the jury. *Perry v. Thomas*, 2011 U.S. Dist. LEXIS 16762, *9 (S. D. Ind. Feb. 18, 2011) (citing *Williams v. Pollard*, 44 F.3d 433, 434-35 (6th Cir. 1995)). Summary judgment is not appropriate if there is a genuine factual dispute relating to whether the defendant committed acts that allegedly violated clearly established rights. *Perry*, 2011 U.S. Dist. LEXIS 16762, *9 (citing *Dickerson v. McClellan*, 101

3

F.3d 1151, 1158 (6th Cir. 1996)). As a result, and again, as stated on the record, the issue of qualified immunity will proceed to trial on February 3, 2025. Similarly, the findings related to Defendants "acting under color of state law" for purposes of 42 U.S.C. Section 1983 liability will also proceed to trial on February 3, 2025.

The following claims *will not* proceed to trial on February 3, 2025: Abuse of process under Indiana State Law; Violations of the Eighth Amendment under 42 U.S.C Section 1983; Violations of the Fourteenth Amendment under 42 U.S.C Section 1983; Violations of the Fourteenth Amendment as applied to Indiana Code § 34-24-2-1; and Conspiracy under 42 U.S.C. Section 1985. Again, the malicious prosecution claim against Defendant Cockrell will only proceed to trial on the issue of damages, not liability, since the Court granted Plaintiffs' Motion for Summary Judgment on that claim.

Finally, there are *only* two matters which this Court will accept further briefing on. The first is the Failure to Intervene Claim. Within 14 days of the November 5, 2024 hearing, Defendants must file their brief. [DE 239, Page 18:2-16]. Plaintiffs are to respond within 14 days of Defendants' filing. *Id.* The second is Defendants' substitution under the Westfall Act, [DE 233]. Plaintiffs must file their objections within 14 days of the November 5, 2024 hearing. Defendants are to respond within 14 days of Plaintiffs' filing.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is DENIED.

SO ORDERED.

ENTERED: November 14, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court