UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DALE ECONOMAN, et al., *Plaintiffs*, v. TONDA COCKRELL, et al., *Defendants*. | CASE NO. 1:20-cv-032-GSL |

**DEFENDANTS' MEMORANDUM ADDRESSING FAILURE TO INTERVENE CLAIM**

Defendants, James Luttrull and Jessica Krug, by counsel, submit this memorandum regarding the Plaintiff's purported failure to intervene claim and in support state as follows:

1. On March 30, 2023, Defendants, Luttrull and Krug, moved for summary judgment on *all* claims, requesting dismissal of the action in its *entirety*. (DE 180, 181, and 182).

2. At a status conference on November 5, 2024, Plaintiffs' counsel indicated a claim for failure to intervene had not yet been adjudicated. In response, the Court directed briefing on the issue. (DE 234).

3. Plaintiffs mention failure to intervene four times in their initiating Complaint. Plaintiffs seemingly advance the failure to intervene claim against Defendants Cockrell, Whisenand, the Garrison Law Firm and the Grant County Prosecutor. (DE 1, ¶¶ 94, 97, 102, & 118). Paragraphs 94, 97, and 102 in the Complaint reference other defendants, not Defendants Luttrull and Krug. Also, as explained in their Motion to Reconsider, the material facts not in dispute show Defendants Luttrull and Krug had no knowledge of any alleged constitutional deprivation and therefore, could not reasonably intervene. (DE 232, p.11).

4. The party that bears the burden of proving a particular element is responsible for doing so in response to a summary judgment motion. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once a moving party indicates there is no issue of material fact, the non-moving party must counter this assertion by going "beyond the pleadings" and setting forth specific facts and evidence which demonstrate "the existence of a genuine, material, triable issue." *Green v. White,* 17 F.3d 199, 202 (7th Cir. 1994). A non-moving party's subsequent failure or inability to prove such elements "renders all other facts immaterial" and is ultimately fatal to the claim. *Id.* (citing *Celotex,* 477 U.S. at 323).

5. In responding to the Motion for Summary Judgment, Plaintiffs did not identify a genuine, material, triable issue of fact in support of a claim of failure to intervene against Defendants Luttrell or Krug regarding a specific constitutional deprivation. To be clear, a failure to intervene claim requires the defendant to have a reasonable opportunity to intervene into the constitutional deprivation at the time of the deprivation occurs. *Yang v. Hardin*, 37 F.3d 282 (1994). Plaintiffs made no such showing in response.

6. In addition, Plaintiffs referenced failing to intervene in their response to State Defendants' motion for summary judgment in reference to the Indiana state law claims. (DE 199, p. 21). As explained in State Defendants' motion for summary judgment and motion for reconsideration, State Defendants are entitled to immunity for any state law claim and no purported claim regarding failure to intervene in the state law claims can proceed against the State Defendants. *See* DE 181, pp. 22-24, DE 232, pp. 6-7.

7. Defendants assert that the Plaintiffs' failure to intervene claim should be resolved in Defendants' favor and not proceed to trial beginning on February 3, 2025.

WHEREFORE, Defendants respectfully request the Court grant summary judgment in their favor on Plaintiffs' claim of failure to intervene.

                        Respectfully submitted,
                        THEODORE E. ROKITA
                        Attorney General of Indiana
                        Attorney No. 18857-49

                        */s/ Cory C. Voight*
By:   Cory C. Voight, Atty. No. 23180-49
        Assistant Chief Deputy
        Betsy M. DeNardi, Atty. No. 23856-71
        Special Counsel of Complex Litigation

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.

                        Theodore E. Rokita
                        Indiana Attorney General
                        Attorney No. 18857-49

By:   */s/ Cory C. Voight*
        Cory C. Voight

OFFICE OF THE ATTORNEY GENERAL
Indiana Government Center South – 5th Floor
302 W. Washington Street
Indianapolis, IN  46204-2770
Telephone:   (317) 234-7132
Fax:          (317) 232-7979
Email:  Cory.Voight@atg.in.gov

3