UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DALE W. ECONOMAN; AND <br> ECONOMAN AND ASSOCIATES <br> FAMILY MEDICINE, <br><br> Plaintiffs, <br><br> -vs- <br><br> TONDA COCKRELL; <br> GARY L. WHISENAND; <br> THE GARRISON LAW FIRM L.L.C., <br> JAMES LUTTRULL, <br> JESSICA KRUG, AND THE <br> UNITED STATES, <br><br> Defendants. | CASE NO: 1:20-cv-00032-GSL |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' BRIEFS IN OPPOSITION TO PLAINTIFFS' FAILURE TO INTERVENE CLAIM

Plaintiffs have asserted a failure to intervene claim against all Defendants since the filing of their *Complaint* in January 2020. (ECF-1 at 17:¶94, 18:¶97, 19:¶102; 22:¶118). Defendants now ask this Court to find that no such claim exists, or in the alternative, to find that summary judgment should be granted in the Defendants' favor despite none of the Defendants requesting the same in their respective *Motion(s) for Summary Judgement*.

To be sure, Plaintiffs asserted their failure to intervene claim against Cockrell at 17: ¶94, their failure to intervene claim against Whisenand at 18: ¶97, their failure to intervene claim against GLF at 19: ¶102, and their failure to intervene claim

against *all* Defendants at 22: ¶118 in their original *Complaint* filed almost five (5) full calendar years ago. (ECF-1).

Despite all Defendants filing a *Motion for Summary Judgment* against Plaintiffs—*none* addressed Plaintiffs' failure to intervene claim(s). Defendants' collective failure to address Plaintiffs' claim(s) constitutes a waiver of any such argument now. *GEFT Outdoor, L.L.C. v. City of Westfield*, 491 F. Supp. 3d 387, 396 (S.D. Ind. 2020)(internal citations omitted); See also *Beck v. University of Wisconsin Bd. of Regents*, 75 F.3d 1130, 1134 (7th Cir.1996). Plaintiffs' failure to intervene claim(s) against Defendants should therefore proceed to trial.

Plaintiffs' failure to intervene claims have been asserted and acknowledged in the following filed pleadings over the course of the last (almost) full five (5) calendar years:

1. Complaint (ECF-1 at 17:¶94; 18:¶97; 19:¶102; 22:¶118);
2. Cockrell's Motion to Dismiss (ECF-45 at 15);
3. Plaintiffs' Response to Cockrell's Motion to Dismiss (ECF-60 at 8, 9);
4. Whisenand's Motion to Dismiss (ECF-47 at 15);
5. Plaintiffs' Response to Whisenand's Motion to Dismiss (ECF-59 at 8, 9);
6. Plaintiffs' Response to USA's Motion to Dismiss (ECF-56 at 8);
7. November 23, 2020 Order (ECF-72 at 41);
8. USA's Motion for Summary Judgment (ECF-171 at 19, 20);
9. Plaintiffs' Response to USA's Motion for Summary Judgment (ECF-193 at 21; fn*9);
10. Cockrell's Motion for Summary Judgment (ECF-178 at 21);
11. Plaintiffs' Response in Opposition to Whisenand's Motion for Summary Judgment (ECF-194 at 19, 20);
12. Plaintiffs' Response to State Defendants Motion for Summary Judgment (ECF-199 at 6, 21, 24, 25);
13. Plaintiffs' Response and Cross Motion for Summary Judgment against Cockrell (ECF-192 at 5, 19, 20, 21: fn*6);

14. Plaintiffs' Response in Opposition to Garrison Law Firm's Motion for Summary Judgment (ECF-195 at 15, 16: fn *2, 17);
15. Garrison Law Firm's Reply in Support of Motion for Summary Judgment (ECF-207 at 3, 8, and 10);
16. Whisenand's Motion for Summary Judgment (ECF-175 at 20);
17. Plaintiffs' Response to Krug/Luttrull's SMF (ECF-190 at 102: ¶435);
18. Plaintiffs' Response to USA's SMF (ECF-191 at 142: ¶519);
19. Plaintiffs' Response to Garrison Law Firm's SMF (ECF-189 at 115: ¶474);
20. Plaintiffs' Response to Whisenand's SMF (ECF-187 at 142: ¶519).

Defendant USA explicitly acknowledged Plaintiffs' failure to intervene claims in their own *Motion for Summary Judgment* and stated: "As it pertains to the federal Defendants, **Plaintiffs specifically allege** that they "failed to intervene in a knowing violation of Plaintiffs' constitutional rights…" " ECF-171 at 19-20(emphasis added). Nevertheless, Defendant USA made no further argument regarding Plaintiffs' Failure to Intervene claim(s) in their request for summary judgment. In their Response Brief, Plaintiffs make this same point explicitly and stated as follows: "Defendant has not asked for summary judgment on Plaintiffs' claims for failure to intervene, despite explicitly referencing said claims in their brief." (ECF-193 at 21; fn*9).

Defendant Whisenand explicitly acknowledged Plaintiffs' failure to intervene claim against him in his own *Motion for Summary Judgment* and stated: "As it pertains to Whisenand, **Plaintiffs specifically allege** that "he failed to intervene in a knowing violation of the Plaintiffs' constitutional rights, conspired with state and federal officials to deprive the Plaintiffs of their property without probable cause … knowingly or intentionally abused the process through which forfeitures are allowed

3

in the state of Indiana." (ECF-175 at 20)(emphasis added). Nevertheless, Whisenand would make no further argument or reference to Plaintiffs' specifically alleged claim in his request for summary judgment. In Plaintiffs' Response Brief, Plaintiffs make this same point explicitly and stated as follows: "Whisenand has not asked for summary judgment on Plaintiffs' claims for failure to intervene, despite explicitly referencing said claims in his brief." (ECF-194 at 20; fn*6).

Defendant Cockrell explicitly acknowledged Plaintiffs' failure to intervene claim against her in her own *Motion for Summary Judgment* and stated: "As it pertains to Cockrell, **Plaintiffs specifically allege** that she "failed to intervene in a knowing violation of Plaintiffs' constitutional rights, conspired with state and federal officials to deprive Plaintiffs of their property without probable cause … knowingly or intentionally abused the process through which forfeitures are allowed in the state of Indiana." (ECF-178 at 21). Nevertheless, Cockrell would make no further argument or reference to Plaintiffs' specifically alleged claim in her request for summary judgment. Plaintiffs would again make this same point explicitly in their Response brief, and stated as follows: "Cockrell has not asked for summary judgment on Plaintiffs' claims for failure to intervene, despite explicitly referencing said claims in her brief." (ECF-192 at 21; fn*6).

In Plaintiffs' *Reply Brief in Support of their Cross-Motion for Summary Judgment against Cockrell*, Plaintiffs moved to strike Cockrell's attempts to excuse her failure to address Plaintiffs' failure to intervene claim in *her* request for summary judgment, and stated as follows:

4

>Plaintiffs move to strike all of Cockrell's new requests for summary judgment in her responsive brief. Cockrell now asks for summary judgment on Plaintiffs' claim for failure to intervene – but made no such request in her original brief. Cockrell also asks for summary judgment under the FTCA by alleging that "she was acting within the scope of her employment by the DEA". "[N]ew arguments and evidence may not be raised for the first time in a reply brief. Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief." *GEFT Outdoor, L.L.C. v. City of Westfield*, 491 F. Supp. 3d 387, 396 (S.D. Ind. 2020)(internal citations omitted); See also *Beck v. University of Wisconsin Bd. of Regents*, 75 F.3d 1130, 1134 (7th Cir.1996). Additionally, Cockrell's new request argues only that she was "operating as a federal agent during the relevant times" but offers no evidence of – or even any argument supporting – the same. (ECF-212 at 6). Cockrell's combined reply and response cannot raise new requests for summary judgment, are not responsive to Plaintiffs' request, and should be stricken. (ECF-216 at 5; fn*3).

Cockrell and Whisenand both filed Reply briefs alleging—at that time—that "[a]s Plaintiffs pled none of the facts Plaintiffs now claim support this theory, the claim [of failure to intervene] **should not be considered at the summary judgment stage.**" (ECF-212 at 20; ECF-211 at 14)(emphasis added). Cockrell and Whisenand—and all Defendants—now ask this Court to enter summary judgment in their favor.

Defendant Garrison Law Firm made no reference whatsoever to Plaintiffs' failure to intervene claim in their *Motion for Summary Judgment*. (ECF-161). Again, Plaintiffs specifically referenced the same in their responsive brief, and stated: "GLF has not asked for summary judgment on Plaintiffs' claims for failure to intervene, and as such Plaintiffs do not address the same." (ECF-195 at 16; fn*2). Now, Garrison Law Firm argues that this Court "should find summary judgment for GLF proper on that claim." (ECF-246 at 2).

5

Likewise, Defendants Krug and Luttrull made no reference whatsoever to Plaintiffs' failure to intervene claim(s) in their *Motion for Summary Judgment*. Now both allege that "the material facts not in dispute show Defendants Luttrull and Krug had no knowledge of any alleged constitutional deprivations and therefore, could not reasonably intervene." (ECF-245 at 1). To support this argument, Krug and Luttrull cite to their own *Motion to Reconsider*. (ECF-232). But, Krug and Luttrull's own *Motion to Reconsider* argued the *exact opposite*, that is: "there **is** a genuine issue of material fact regarding whether there is any fabricated evidence and whether the State Defendants had any knowledge of such fabrication at the time of the initiation of the criminal case." (ECF-232 at 11, as cited in ECF-245 at 1).

Defendants ignore that this Court explicitly found that Luttrull, Krug, Whisenand, Garrison Law Firm and Cockrell "draft[ed], review[ed], and ultimately submit[ed] an affidavit to a court which they knew they did not have evidence to support." (ECF-225 at 21). While this Court granted "aspects" of the Defendants' collective motions to reconsider the *sua sponte* granting of summary judgment in Plaintiffs' favor, this Court did not undo or reconsider any of the other factual or legal findings and conclusions contained within the September 30, 2024 Opinion and Order. (ECF-242 at 2). To the contrary, this Court clarified that two (2) aspects of Plaintiffs' malicious prosecution/wrongful use of civil proceedings claims and Section 1983 claims would proceed to trial, that is: "the issue of qualified immunity" and "the findings related to Defendants 'acting under color of state law' for purposed of 42 U.S.C. Section 1983 liability". (*Id.* at 4).

6

As Defendants Cockrell and Whisenand correctly point out—failure to intervene is a dependent theory that requires an underlying unconstitutional act. (ECF-247 at 2 citing *Gill v. Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017). A plaintiff must first establish that there was, in fact, a constitutional violation before a failure to intervene claim may follow. *Id.* As such, Plaintiffs did not separate their Failure to Intervene claims(s) in their Complaint under a separate heading—but instead included the same under their sections alleging constitutional violations (to include malicious prosecution) and/or conspiracy. (ECF-1 at 17:¶94, 18:¶97, 19:¶102; 22:¶118). To the extent that Defendants may have disregarded Plaintiffs' failure to intervene claim(s) because Defendants were each alleging that no unconstitutional act existed in the first place—the same was each Defendant's own strategic decision.

The Defendants are not entitled to summary judgment on a claim they never moved for summary judgment against. Plaintiffs' failure to intervene claim(s) should proceed to trial on February 3, 2025.

Respectfully Submitted,
DENSBORN BLACHLY LLP


/s/ *Gillian D Keiffner*
Gillian D. Keiffner, Atty No. 26804-49
Eric D. Schmadeke, Atty No. 27329-49
DENSBORN BLACHLY LLP
500 East 96th Street, Suite 100
Indianapolis, IN 46240
gkeiffner@dblaw.com
eschmadeke@dblaw.com

7

*Attorneys for Plaintiffs Dale W. Economan and Economan and Associates Family Medicine*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 3rd day of December, 2024, the foregoing pleading was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dirk De Lor
Dirk.DeLor@usdoj.gov

Wayne T. Ault
Wayne.Ault@usdoj.gov

Madison Lo Dolce
Madison.lodolce@usdoj.gov

Michael E. Brown
Mbrown@k-glaw.com

Betsy M. DeNardi
Betsy.DeNardi@atg.in.gov

Cory C. Voight
Cory.Voight@atg.in.gov

Carly A. Brandenburg
cbrandenburg@eichhorn-law.com

I also certify that on December 3, 2024, a copy of the foregoing document was served by United States First Class mail, postage prepaid on:

Betsy M. DeNardi
Cory C. Voight
Office of the Indiana Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770

/s/ *Gillian D. Keiffner*
Gillian D. Keiffner

4928-8696-5507, v. 1