UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DALE W. ECONOMAN; AND ECONOMAN AND ASSOCIATES FAMILY MEDICINE, <br><br>  Plaintiffs, <br><br> vs. <br><br> TONDA COCKRELL, *et al.*, <br><br>  Defendants. | CASE NO: 1:20-cv-00032 |

# FEDERAL DEFENDANTS' MOTION TO BAR UNDISCLOSED EXPERT WITNESS TESTIMONY

Comes now, Defendants Tonda Cockrell, Gary Whisenand, and the United States of America (hereinafter referred to as "Federal Defendants"), by counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Madison Lo Dolce, Assistant United States Attorney, and hereby requests that the Court bar any and all undisclosed expert testimony pursuant to Federal Rule of Civil Procedure 26(a)(2) and 37(c), as well as Federal Rule of Evidence 701(c). In support thereof, Federal Defendants state as follows:

In the Court's Scheduling, Pretrial Conference, and Trial Order, it ordered the parties to file "any objections to another party's expert witness" no later than December 5, 2024. *See* ECF 235 at pg. 2.

On January 6, 2021, the parties filed their Report of Parties' Planning Meeting. ECF No. 81. In doing so, Plaintiffs agreed to disclose the identity of any expert witnesses, pursuant to Federal Rule of Civil Procedure 26(a)(2), by October 31, 2021, and Defendants agreed to do the same by December 3, 2021. *Id.* at ¶ 4.d.[1] The court approved the Report in full on January 13, 2021. ECF Nos. 93–94.

Only "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion …" Federal Rule of Evidence 701(c), 702. An expert's opinion may also be based "on facts or data in the case that the expert has been made aware of or personally observed." FED. R. EVID. 703. But, before being permitted to offer such testimony at trial, "a party must disclose to the other parties the identity of any [expert] witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705 …" including whether the expert is one that must provide a written report or one that does not. Fed. R. Civ. Pro. 26(a)(2)(A)-(C); 37(c).

Plaintiffs have never designated any witnesses as experts pursuant to Rule 26(a)(2). And, as of December 3, 2021, the only defendants to disclose an

---

[1] While there were multiple extensions of the discovery deadlines sought and obtained after January 13, 2021, the deadline to disclose expert witnesses remained as October 31, 2021, for Plaintiffs and as December 3, 2021, for Defendants.

expert are Federal Defendants. Therefore, in the event any other party attempts to elicit expert testimony from any witness they call at trial, Federal Defendants request that the Court bar such testimony as they have failed to meet the requirements of Rule 26(a)(2). *See Lopez v. Bridgestone Americas Tire Operations, LLC,* 2012 WL 13047287, at *1 (N.D. Ind. May 30, 2012) (holding that "Federal Rule of Civil Procedure 37(c) provides that [i]f any party fails to provide information or identity of a witness as required by Rule 26(a) …, the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at trial …") (internal quotations omitted); *Gonzalez v. Rodgers*, 2011 WL 5040673, at *5 (N.D. Ind. Oct. 24, 2011).

WHEREFORE, Federal Defendants hereby request that the Court bar any and all undisclosed expert testimony pursuant to Federal Rule of Civil Procedure 26(a)(2) and 37(c), as well as Federal Rule of Evidence 701(c).

Respectfully submitted,

CLIFFORD D. JOHNSON

/s/ *Madison Lo Dolce*
WAYNE T. AULT
JENNIFER COOK
MADISON LO DOLCE
5400 Federal Plaza, Suite 1500
Hammond, IN 46320
T: (219) 937-5500
F: (219) 937-5550

3

Wayne.Ault@usdoj.gov
*Counsel for Tonda Cockrell, Gary Whisenand, and United States of America*
