UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DALE W. ECONOMAN; AND<br>ECONOMAN AND ASSOCIATES<br>FAMILY MEDICINE, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | CASE NO: 1:20-cv-00032-GSL |
| | ) | |
| -vs- | ) ) | |
| | ) | |
| TONDA COCKRELL;<br>GARY L. WHISENAND;<br>THE GARRISON LAW FIRM L.L.C.,<br>JAMES LUTTRULL,<br>JESSICA KRUG, AND THE<br>UNITED STATES, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' TRIAL BRIEF

A number of the claims raised in this litigation and resolved on summary judgment were based on the Court's determination that the underlying facts were material, were supported by competent, uncontroverted record evidence, and were not genuinely in dispute. (ECF-225). As such, this Court's September 30, 2024 findings are "the state of the evidence at this point with regard to the claims resolved on summary judgment" and "those uncontroverted facts material to [the] summary judgment rulings are **not** now disputable at trial." *Greenbank v. Great Am. Assurance Co.*, No. 318CV00239SEBMPB, 2020 WL 4604507, at *1 (S.D. Ind. Aug. 11, 2020)(emphasis added); (See also *Cytomedix, Inc. v. Little Rock Foot Clinic, P.A.*,

2004 WL 1921070, at *4 (N.D. Ill. Aug. 4, 2004) (noting that a successful summary judgment movant establishes the "undisputed and admitted facts in [the] case").

While this Court granted "aspects" of the Defendants' collective motions to reconsider the *sua sponte* granting of summary judgment in Plaintiffs' favor, this Court did not undo or reconsider any of the other factual or legal findings and conclusions contained within the September 30, 2024 *Opinion and Order*. (ECF-242 at 2). To the contrary, this Court clarified that two (2) aspects of Plaintiffs' malicious prosecution/wrongful use of civil proceedings claims and Section 1983 claims would proceed to trial, that is: "the issue of qualified immunity" and "the findings related to Defendants 'acting under color of state law' for purposes of 42 U.S.C. Section 1983 liability". (*Id.* at 4).

Plaintiffs are therefore proceeding with the understanding that the only findings from the September 30, 2024 *Opinion and Order* that **have** been reconsidered are those specific findings that relate to the denial of qualified immunity and those findings related to the Defendants "acting under color of state law." Any other interpretation of the Court's orders issued on November 5, 2024, or November 14, 2024, would be legally and factually incongruent as—and for example—the September 30, 2024 *Opinion and Order* granted Luttrull, Krug, and Garrison Law Firm's request for summary judgment on Plaintiffs' Section 1985(3) conspiracy claim *only because* the Court was granting summary judgment on the 1983 claims in Plaintiffs' favor. (ECF-225 at 32)("All three actors have been found to be state actors, making relief under Section 1985 duplicative").

2

If Plaintiffs have nevertheless misinterpreted this Court's order(s), then Plaintiffs respectfully request the issuance of a Rule 56(g) order in order to clarify which facts have been established in this case and as a result of the September 30, 2024 *Opinion and Order* (ECF-225).[1]

Rule 56(g) provides: "If the court does not grant all the relief requested by the [summary judgment] motion, it may enter an order stating any material fact— including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." Rule 56(g) thus empowers the district court in its discretion, following the entry of partial summary judgment, to treat any unrefuted and material facts as established for purposes of efficiently adjudicating the remaining issues. *Greenbank v. Great Am. Assurance Co.*, No. 318CV00239SEBMPB, 2020 WL 4604507, at *2 (S.D. Ind. Aug. 11, 2020). Rule 56(g) "operat[es] to salvage some results from the time and resources spent in deciding unsuccessful summary judgment motions." *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 415 (7th Cir. 2019).

A. <u>Findings established for the purposes of trial</u>

1. Given the Court's granting of summary judgment in favor of Plaintiffs and against Cockrell, the indisputable findings and facts established for trial as they relate to **Cockrell** are as follows:

---

[1] To be sure, if Plaintiffs *have* misinterpreted this Court's prior Order(s) then the same would substantially impact the exhibits, witnesses and issues that Plaintiffs have identified herein and/or provided to opposing counsel pursuant to the scheduling Order issued in this cause.

a.  Cockrell instituted, or caused to be instituted, the forfeiture action against Plaintiffs. (ECF-225 at 9-10).

b.  Cockrell's affidavit was prepared by Defendant Garrison Law Firm. (*Id.* at 3, 12, 23).

c.  Cockrell signed the affidavit affirming the truthfulness of its contents under oath. (*Id.* at 3, 12, 18, 23).

d.  Cockrell's affidavit focused entirely on the bank accounts that allegedly contained proceeds from Plaintiffs' alleged criminal enterprise. (*Id.* at 12).

e.  Cockrell has since admitted that her affidavit was inaccurate in stating she had good cause to believe that the accounts seized from Plaintiff contained significant funds from a criminal enterprise. (*Id.* at 12, 23).

f.  Cockrell lacked probable cause when she signed her affidavit. (*Id.*)

g.  Cockrell knew her affidavit would be submitted to a court. (*Id.* at 21).

h.  Removing the allegations that Cockrell admits she did not have good cause to assert or affirm leaves almost nothing. (*Id.*)

i.  Cockrell's untruthful statements were material to the probable cause finding, and her affidavit would not have established probable cause without those statements. (*Id.*).

j.  Cockrell knew she did not have evidence to support her affidavit. (*Id.*).

4

k. Cockrell acted maliciously. (*Id.* at 12).

l. Cockrell did not have probable cause, let alone a preponderance of evidence, that Plaintiffs committed the offense of corrupt business influence, or any other crime, which would make a civil forfeiture proceeding appropriate. (*Id.* at 12).

m. The forfeiture cause was terminated in Plaintiffs' favor. (*Id.* at 10).

n. Cockrell is not entitled to qualified immunity since it has long been established that it is a constitutional violation to fabricate evidence in an affidavit. (*Id.* at 30).

2. The indisputable findings as they relate to Plaintiffs' claims against **Whisenand** are as follows:

a. Defendant Whisenand admitted to including conclusory statements in his affidavit that were not supported by evidence and which did not create probable cause. (*Id.* at 23)

b. Defendant Whisenand admitted he had absolutely no evidence that Plaintiff had committed Medicaid fraud when he swore and affirmed to the same in his affidavit. (*Id.*).

c. Defendant Whisenand admitted he had no evidence that Plaintiffs were involved in money laundering. (*Id.*).

4902-3954-9187, v. 2

  d. Whisenand did not have probable cause, let alone a preponderance of evidence, that Plaintiffs committed the offense of corrupt business influence, or any other crime, which would make a civil forfeiture proceeding appropriate. (*Id.* at 12).

  e. Eliminating the statements Whisenand admitted he had no evidence to support, and removing the INSPECT data, strips his affidavit of details essential to the finding of probable cause. (*Id.* at 20).

  f. Whisenand's conclusory statements in his affidavit that were not supported by evidence and which do not create probable cause are fabricated statements. (*Id.* at 23).

3. The indisputable findings as they relate to Plaintiffs' claims against **all Defendants** are as follows:

  a. Defendants did not have probable cause, let alone a preponderance of evidence, that Plaintiffs committed the offense of corrupt business influence, or any other crime, which would make a civil forfeiture proceeding appropriate. (*Id.* at 12).

  b. Defendants Luttrull, Krug, and Whisenand drafted, reviewed, and ultimately submitted an affidavit to a court which they knew they did not have evidence to support. (*Id.* at 21).

6

    c.   Defendants Garrison Law Firm and Cockrell drafted, reviewed, and ultimately submitted an affidavit to a court which they knew they did not have evidence to support. (*Id.*).

    d.   Defendants met several times to discuss the case against Plaintiffs, and because they jointly wrote the untruthful affidavits which were provided to the Grant County Judge in support of Defendant's request that Plaintiffs' assets be seized, there is sufficient evidence of a conspiracy between Defendants Luttrull, Krug, Garrison Law Firm, Whisenand and Cockrell. (Id. at 18).

    e.   Defendants wrote, reviewed, or submitted affidavits containing fabricated information (*Id.* at 31).

## B.  Claims, Elements and Issues to be tried:

### 1.  Wrongful Use of Civil Proceedings/Malicious Prosecution:
**Elements:**

    a.   Defendant(s) instituted, or caused to be instituted, an action against the Plaintiff(s);

    b.   Defendant(s) acted maliciously in doing so;

    c.   Defendant(s) had no probable cause to institute the action; and

    d.   The original action terminated in Plaintiff's favor. *Willsey v. Peoples Federal Savings & Loan Ass'n of East Chicago*, 529 N.E.2d 1199, 1205 (Ind. Ct. App. 1988).

**Findings:**

Element (a): Defendants Luttrull and the Garrison Law Firm filed the proceeding in court, and Defendants Whisenand, Cockrell and Krug investigated Plaintiffs and drafted the affidavits used in the proceeding. This satisfies the first element. (ECF-225 at 10).

Element (b): Malice may be inferred from a total lack of probable cause. (*Id.* at 12) Because Defendants lacked probable cause when instituting the civil forfeiture proceedings, and because malice can be inferred from a "total lack of probable cause" to bring suit, Plaintiffs have satisfied the element of malice. (*Id.* at 10).

Element (c): The evidence demonstrates that Defendants did into have probable cause, let alone a preponderance of evidence, that Plaintiffs committed the offense of corrupt business influence, or any other crime, which would make a civil forfeiture proceeding appropriate. (*Id.* at 12).

Element (d): The forfeiture proceedings against Plaintiffs were dismissed with prejudice on February 1, 2019 – satisfying the element that the original action terminated in Plaintiffs' favor. (*Id.* at 10).

**Issues to be tried:**

i.   Qualified Immunity – as to Whisenand, Luttrull, Krug, and Garrison Law Firm only (ECF-242).

ii.  Damages (Compensatory and Punitive)

8

2. <u>1983 Fourth Amendment Claims</u>

Elements:

   a. The application for the search and seizure warrant contained materially false statement(s) and/or omitted material fact(s);

   b. Defendant knowingly made the false statement(s) and/or deliberately omitted material fact(s); and

   c. The false statement(s) were necessary to the determination that a warrant should issue. *Betker v. Gomez*, 692 F.3d 854, 860 (7th Cir.2012); *Knox v. Smith*, 342 F.3d 651, 658 (7th Cir. 2003).

Findings:

Element (a): Defendant Whisenand admitted he had no evidence, let alone probable cause, that Plaintiffs committed the criminal offense of corrupt business influence, despite the allegations and conclusory statements in his affidavit. (*Id.* at 11). Defendant Whisenand also admitted he had absolutely no evidence that Plaintiff committed Medicaid fraud when he swore and affirmed to the same. (*Id.*) Defendant Whisenand admitted he had no evidence that Plaintiffs were involved in money laundering. (*Id.*) Defendant Whisenand also included "INSPECT" data in his affidavit, despite his and Defendant Cockrell's joint knowledge that "INSPECT" data was not permissibly used as evidence. (*Id.* at 11-12). Cockrell has since admitted that her affidavit was inaccurate in stating she had good cause to believe that the accounts seized from Plaintiff contained significant funds from a criminal enterprise. (*Id.* at 12, 23). Cockrell lacked probable cause when she signed her affidavit (*Id.*) Cockrell knew her

affidavit would be submitted to a court (*Id.* at 21) Removing the allegations that Cockrell admits she did not have good cause to assert or affirm leaves almost nothing (*Id.*) Cockrell's untruthful statements were material to the probable cause finding, and her affidavit would not have established probable cause without those statements (*Id.*)

Element (b): Cockrell knew she did not have evidence to support her affidavit (*Id.* at 21). Defendants drafted, reviewed, and ultimately submitted affidavits to a court which they knew they did not have evidence to support. (*Id.* at 21)

Element (c): Eliminating the statements Whisenand admitted he had no evidence to support, and removing the INSPECT data, strips his affidavit of details essential to the finding of probable cause. (*Id.* at 20). Removing the allegations that Cockrell admits she did not have good cause to assert or affirm leaves almost nothing (*Id.* at 21). Cockrell's untruthful statements were material to the probable cause finding, and her affidavit would not have established probable cause without those statements (*Id.*)

**Issues to be tried:**

    i.   State Actors/Private Parties – Under color of law

A private party acts under color of law if he conspires with a public official. See, e.g., *Lewis v. Mills*, 677 F.3d 324, 333 (7th Cir. 2012) ("[T]o establish § 1983 liability through a conspiracy theory, "a plaintiff must demonstrate that: (1) a state official and a private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participant[s] in

joint activity with the State or its agents."); *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003). Other ways private parties may act under color of law: A conspiracy is not the only way to prove that a private party acted under color of law, but other ways are not as easily defined. The general question is whether the defendant's conduct may be "fairly attributable to the state." *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 199 (1988); *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

    ii.   Qualified Immunity – as to Whisenand, Krug, Luttrull and Garrison

    iii.   Conspiracy among all Defendants

The Defendants met several times to discuss the case against Plaintiffs, and because they jointly wrote the untruthful affidavits which were provided to the Grant County Judge in support of Defendant's request that Plaintiffs' assets be seized, there is sufficient evidence of a conspiracy between Defendants Luttrull, Krug, Garrison Law Firm, Whisenand and Cockrell. (*Id.* at 18)

    iv.  Damages (to include compensatory and punitive)

3. <u>1983 Fifth Amendment Claims</u>

Elements:

    a.  Plaintiffs were deprived of a protected liberty or property interest; and

    b.  The deprivation occurred without due process. *Rock River Health Care, LLC v. Eagleson*, 14 F.4th 768, 773 (7th Cir. 2021) (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999)). The Seventh Circuit has

11

repeatedly held that a defendant's due process rights are violated by the creation of fabricated evidence by state officials which is later used to deprive the defendant of liberty in some way. *Fields v. Wharrie*, 740 F.3d 1107, 1114 (7th Cir. 2014); *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008).

**Findings:**

Element (a): Plaintiffs were deprived of their property and their assets were seized. (ECF-225 at 3, 18, 24).

Element (b): The Defendants collectively drafted, reviewed, and ultimately submitted affidavits to a court containing unsupported information which was then used to deprive Plaintiffs of their property. (*Id.* at 23-24). Whisenand and Cockrell's affidavits were the basis of the Grant County Judge's decision to issue the Order granting the seizure of Plaintiffs' assets. (*Id.* at 3).

**Issues to be tried:**

    i.   State Actors/Private Parties – Under color of law

A private party acts under color of law if he conspires with a public official. See, e.g., *Lewis v. Mills*, 677 F.3d 324, 333 (7th Cir. 2012) ("[T]o establish § 1983 liability through a conspiracy theory, "a plaintiff must demonstrate that: (1) a state official and a private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents."); *Williams v. Seniff*, 342 F.3d 774, 785 (7th

12

Cir. 2003). Other ways private parties may act under color of law: A conspiracy is not the only way to prove that a private party acted under color of law, but other ways are not as easily defined. The general question is whether the defendant's conduct may be "fairly attributable to the state." *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 199 (1988); *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

ii. Qualified Immunity – as to Whisenand, Krug, Luttrull and Garrison Law Firm

iii. Damages  (compensatory and punitive)

iv. Conspiracy among all Defendants

The Defendants met several times to discuss the case against Plaintiffs, and because they jointly wrote the untruthful affidavits which were provided to the Grant County Judge in support of Defendant's request that Plaintiffs' assets be seized, there is sufficient evidence of a conspiracy between Defendants Luttrull, Krug, Garrison Law Firm, Whisenand and Cockrell. (*Id.* at 18)

4. <u>Failure to Intervene Claims</u>

<u>Elements:</u>

a. An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know that any constitutional violation has been committed by a law enforcement official, and

13

b. the officer had a realistic opportunity to intervene to prevent the harm from occurring. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)

**Findings:**

Element (a): Defendants did not have probable cause, let alone a preponderance of evidence, that Plaintiffs committed the offense of corrupt business influence, or any other crime, which would make a civil forfeiture proceeding appropriate. (*Id.* at 12). Defendants Luttrull, Krug, and Whisenand drafted, reviewed, and ultimately submitted an affidavit to a court which they knew they did not have evidence to support. (*Id.* at 21). Defendants Garrison Law Firm and Cockrell drafted, reviewed, and ultimately submitted an affidavit to a court which they knew they did not have evidence to support. (*Id.*).

**Issues to be tried:**

i. State Actors/Private Parties – Under color of law

A private party acts under color of law if he conspires with a public official. See, e.g., *Lewis v. Mills*, 677 F.3d 324, 333 (7th Cir. 2012) ("[T]o establish § 1983 liability through a conspiracy theory, "a plaintiff must demonstrate that: (1) a state official and a private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents."); *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003). Other ways private parties may act under color of law: A conspiracy is not the only way to prove that a private party acted under color of law, but other ways are not as easily defined. The general question is whether the defendant's conduct

14

may be "fairly attributable to the state." *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 199 (1988); *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

    ii.  Qualified Immunity

    iii. Damages (Compensatory and Punitive)

    iv. Conspiracy among all Defendants

The Defendants met several times to discuss the case against Plaintiffs, and because they jointly wrote the untruthful affidavits which were provided to the Grant County Judge in support of Defendant's request that Plaintiffs' assets be seized, there is sufficient evidence of a conspiracy between Defendants Luttrull, Krug, Garrison Law Firm, Whisenand and Cockrell. (*Id.* at 18).

**C.**  <u>Anticipated Testimony of Each Witness:</u>

1.  **Dr. Dale Economan** – Plaintiffs anticipate the testimony of Dr. Economan to follow the deposition testimony, affidavit, interrogatories, and Statements of Material Fact he has previously given and/or submitted in this cause – to include that Dr. Economan was a practicing physician of many decades in Grant County, Indiana, that he operated Economan and Associates Family Medicine ("EAFM") from August 2012 – July 29, 2015, his patient population, his general standards of practice, and specific practices as they related to the prescribing of opioids. Dr. Economan will testify to the pain and suffering he has endured, that which he has watched his wife and children endure, his loss of enjoyment of life, the deprivation

15

of his property, the damage done to his reputation, and the economic damages he has suffered. Dr. Economan will testify as to the monthly income he and EAFM were realizing, the expenses he has incurred, and the property that was seized, depreciated, and/or lost.

2. **William "Bill" Walker, Esq.** – Plaintiffs anticipate Mr. Walker to testify generally that he served as legal counsel to both Dr. Economan and EAFM for many years, and during EAFM's period of operation (late 2012 – July 29, 2015). Mr. Walker is anticipated to testify that Dr. Economan sought the input and collaboration of his office manager, medical staff, counsel, Human Resources coordinator, and medical billing company to ensure that compliance with all of the changing and evolving recommendations and guidelines related to the prescribing of opioids. Mr. Walker is anticipated to testify as to the economic, emotional, physical, and mental harm he witnessed Dr. Economan (and Rita Economan) experience as a result of the July 29, 2015 false allegations, loss of reputation, and deprivation of their life savings.

3. **Linda Pearce** (7619 W. Jefferson Blvd, Fort Wayne, Indiana 46804) – Plaintiffs anticipate the testimony of Ms. Pearce to be that her company, Pearce Medical Billing (PMB), was hired by Dr. Economan and EAFM to handle all of their medical billing – to include coding decisions for claims. Ms. Pearce will further testify as to the amount of claims and billings actually submitted and collected against for all of the patients listed with

16

specificity in Whisenand's 2015 and 2016 sworn affidavits alleging probable cause.

4. **Vicki Gray** (602 Robert Avenue, Marion, Indiana 46952) – Ms. Gray is anticipated to testify as to her experiences(s) and knowledge as a former employee of Dr. Economan and EAFM, and the emotional, physical, and mental harm she witnessed Dr. Economan (and Rita Economan) experience as a result of the July 29, 2015 false allegations, loss of reputation, and deprivation of their life savings. Ms. Gray will also testify to the number of dismissed patient files not seized by law enforcement, and as to their storage before being transferred to counsel in 2017. Ms. Gray will further testify regarding the vast array of expenses incurred by Dr. Economan and EAFM, to include storage and moving expenses.

5. **JoEllen Rickard** (2964 Lakeshore Drive, Muskegon, MI 49441) – Ms. Rickard is the sister of Dr. Economan, and is anticipated to testify to allowing Dr. Economan and Rita Economan to live in her attic apartment after their home was lost and all of their assets were frozen/seized, as to the mental and emotional harm she witnessed both experience over the course of many years, and of the personal funds she (and her husband who is now deceased) expended in an attempt to financially assist the Dr. and Rita Economan.

6. **Tonda Cockrell** – Plaintiffs anticipate the testimony of Cockrell to follow the deposition testimony she has previously given in both 2018 and 2022.

7.  **Gary Whisenand** – Plaintiffs anticipate the testimony of Whisenand to follow the deposition testimony he has previously given in both 2018 and 2022.

8.  **J. Gregory Garrison** – Plaintiffs anticipate the testimony of Garrison to follow the deposition testimony he gave in 2021, and the sworn affidavit he submitted in this cause.

9.  **Jessica Krug** – Plaintiffs anticipate the testimony of Krug to follow the deposition testimony she gave in 2022.

10. **James Luttrull –** Plaintiffs anticipate the testimony of Luttrull to follow the deposition testimony he gave in 2022.

11. Records custodian for Raymond James;

12. Records custodian Edward Jones

13. Records custodian Cardinal Ethanol

14. Records custodian First Farmers Bank

15. Records custodian Region's Bank

16. **Rita Economan** – Mrs. Economan is the wife of Dr. Economan and is anticipated to testify generally as to the history of their family home, her experience working at and helping to create EAFM, the impact (emotional, physical, mental and economic damages) that the false allegations and seizure of their life savings have had on her herself, Dr. Economan, and their children.

18

17. **Scott Donaldson** – Mr. Donaldson is anticipated to testify that he helped coordinate and advise Dr. Economan and EAFM on the changes in the guidelines related to the prescription of opioids, that he helped coordinate the involvement of other professionals, and of his assistance in maintaining compliance with all recommendations and guidelines issued formally and informally. Mr. Donaldson is also anticipated to testify that his own separate and distinct business accounts and assets (related to his textbook resell business) were also seized as a result of the July 29, 2015 forfeiture filing and request for seizure.

18. **Joshua Taylor** – Plaintiffs anticipate the testimony of Taylor, a former employee of the Garrison Law Firm, to follow the deposition testimony he gave in 2021, and the sworn affidavit he submitted in this cause.

19. **Chris Kemp**, CPA (17023 Emerald Court, Westfield, Indiana 46074) – Plaintiffs anticipate that Mr. Kemp will testify to his accounting, recordkeeping and bookkeeping functions/duties for Dr. Economan and EAFM at all relevant time periods. Mr. Kemp is anticipated to testify as to the business expenses, income, and losses of Dr. Economan and EAFM from 2012 through present day. (FRCP 701 and 602).

20. **Dr. John Cooney** (5656 US-10, Ludington, Michigan 49431) – Dr. Cooney is Dr. Economan's primary physician and is anticipated to testify as to the medical diagnoses and treatments Dr. Economan has received since July

29, 2015, and the overall impact of the same on Dr. Economan's physical health. (FRCP 701).

21. **Dr. James Wiaduck** (4461 Grand Haven Road, Norton Shores, MI) – Dr. Wiaduck is Dr. Economan's personal psychiatrist and is anticipated to testify as to the medical diagnoses and treatments Dr. Economan has received since July 29, 2015, and the overall impact of the same on Dr. Economan's mental health. (FRCP 701).

22. **Dr. Lynn Webster** – Dr. Webster will testify that he was deposed as a defense witness in the underlying forfeiture case (and, if necessary, in the criminal case as well), when he was deposed, and by whom he was deposed. Dr. Webster is also anticipated to testify, if necessary, that he has never heard of a physician testifying or rendering an opinion as to probable cause.

23. **Casey Goble, Rose Turner, Ted Franklin, William Woodruff** (as potential rebuttal witnesses if necessary).

D.  **Stipulations**

There are no stipulations entered into by the parties at this time.

20

Respectfully Submitted,

DENSBORN BLACHLY LLP


/s/ *Gillian D. Keiffner*
Gillian D. Keiffner, Atty No. 26804-49
Eric D. Schmadeke, Atty No. 27329-49
DENSBORN BLACHLY LLP
500 East 96th Street, Suite 100
Indianapolis, IN  46240
gkeiffner@dblaw.com
eschmadeke@dblaw.com
*Attorneys for Plaintiffs Dale W.*
*Economan and Economan and*
*Associates Family Medicine*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of December, 2024, the foregoing pleading was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Jennifer Cook
Jennifer.Cook2@usdoj.gov

Wayne T. Ault
Wayne.Ault@usdoj.gov

Madison Lo Dolce
Madison.lodolce@usdoj.gov

Michael E. Brown
Mbrown@k-glaw.com

Betsy M. DeNardi
Betsy.DeNardi@atg.in.gov

Cory C. Voight
Cory.Voight@atg.in.gov

Carly A. Brandenburg
cbrandenburg@eichhorn-law.com

I also certify that on December 5, 2024, a copy of the foregoing document was served by United States First Class mail, postage prepaid on:

Betsy M. DeNardi
Cory C. Voight
Office of the Indiana Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770

/s/  *Gillian D. Keiffner*
Gillian D. Keiffner

22