UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DALE W. ECONOMAN; AND ECONOMAN AND ASSOCIATES FAMILY MEDICINE, <br><br> Plaintiffs, <br><br> vs. <br><br> TONDA COCKRELL, *et al.*, <br><br> Defendants. | CASE NO: 1:20-cv-00032 |

**FEDERAL DEFENDANTS' MOTIONS *IN LIMINE*** 

Comes now, Defendants Tonda Cockrell, Gary Whisenand, and the United States of America (hereinafter referred to as "Federal Defendants"), by counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Madison Lo Dolce, Assistant United States Attorney, and respectfully submit the following motions *in limine* and move the court to bar certain evidence, testimony, inference, and argument as discussed herein.

## Introduction

This case is set for a jury trial, beginning on February 3, 2025, on several issues including whether Defendants deprived Plaintiffs of a constitutional right under 42 U.S.C. § 1983 and whether Defendants are liable to Plaintiffs under the Federal Torts Claims Act for allegedly engaging in malicious prosecution.

**Legal Standard**

District courts have the power to exclude evidence *in limine* pursuant to their authority to manage trials, and district judges have broad discretion in ruling on motions *in limine*. *Luce v. United States*, 469 U.S. 38, n.4 (1984); *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *United States v. Jackson*, 535 F.Supp.3d 809, 813 (N.D. Ind. April 22, 2021). A motion *in limine* should be granted if the evidence sought to be excluded "would be inadmissible for any purpose." *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997).

**I.  MOTION *IN LIMINE* ONE: Bar any undisclosed witnesses from testifying.**

The Court should bar all parties from presenting any testimony from any witness that was not properly disclosed in accordance with Federal Rule of Civil Procedure 26(a)(1).

Pursuant to Federal Rule of Civil Procedure 26(a)(1), a party must disclose, inter alia, "the name … of each individual likely to have discoverable information, [and] … a copy … of all documents … that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses …. within 14 days after the parties' Rule 26(f) conference …" FED. R. CIV. PRO. 26(a)(1)(A)(i)-(iv), (a)(1)(D).

On January 6, 2021, the parties filed their Report of Parties' Planning Meeting. ECF No. 81. In doing so, the parties agreed to, and *did*, exchange Rule 26(a)(1) information by March 31, 2021. *Id*. Parties are also required to supplement these disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1). Since the March 31, 2021 exchange of Rule 26(a)(1) information, none of the parties have provided supplemental information. *See Lopez v. Bridgestone Americas Tire Operations, LLC,* 2012 WL 13047287, at *1 (N.D. Ind. May 30, 2012) (holding that "Federal Rule of Civil Procedure 37(c) provides that [i]f any party fails to provide information or identity of a witness as required by Rule 26(a) …, the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at trial …") (internal quotations omitted); *Gonzalez v. Rodgers*, 2011 WL 5040673, at *5 (N.D. Ind. Oct. 24, 2011).

Therefore, the Court should bar all parties from presenting any testimony, evidence, or reference to *any* witness that was not properly disclosed in accordance with Rule 26(a).

## II. MOTION *IN LIMINE* TWO: Bar any testimony, evidence, or reference to damages that do not arise from the alleged constitutional violation.

Plaintiffs should be barred from presenting evidence on damages related to actions or proceedings other than the civil forfeiture action, because that action is the only potential constitution violation and damages must arise from the relevant harm under § 1983.

The only potential constitutional violation forming the basis for Plaintiffs' § 1983 claim for malicious prosecution is the civil forfeiture action. As the Court found when dismissing the state-law tort claim for malicious prosecution premised on the medical licensing board proceedings and the criminal charges, those actions did not resolve in Plaintiffs' favor. *See* Op. & Order, ECF No. 72, pg. 27 (finding that the medical licensing board and criminal charges did not terminate in Plaintiffs' favor, and saying, "the Plaintiffs' malicious prosecution claim arising out of the underlying criminal proceeding and medical licensing proceeding must be dismissed since the Plaintiffs fail to establish a necessary element of such a claim"); *see also Wilborn v. Hutton*, 2024 U.S. Dist. LEXIS 151528, *9 (N.D. Ind. Aug. 23, 2024) ("To state a claim for malicious prosecution under § 1983, a plaintiff must demonstrate that . . . she has satisfied the elements for a state law cause of action for malicious prosecution[.]") (citing *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996)); *see also Thompson v. Clark*, 596 U.S. 36, 39 (2022)

("To maintain [a § 1983 claim for malicious prosecution], a plaintiff such as Thompson must demonstrate, among other things, that he obtained a *favorable termination* of the underlying criminal prosecution.") (emphasis in original).[1]

Damages for a § 1983 claim are limited to those that arise from the relevant constitutional violation. *See Martin v. Marinez*, 934 F.3d 594, 606 (7th Cir. 2019); *Martin v. Holcomb*, 2022 WL 1896480, *7 (N.D. Ind. Sept. 8, 2022). Plaintiffs should therefore be barred from presenting any evidence related to damages for harm that arises from actions or proceedings other than the civil forfeiture action, including but not limited to any damages stemming from the search conducted during the criminal investigation.

### III. MOTION *IN LIMINE* THREE: Bar any testimony, evidence, or reference to the Court's finding of liability as to Defendant Cockrell.

The Court has found Defendant Cockrell liable on the malicious prosecution (wrongful use of civil proceedings) claim. However, the Federal Defendants request that the Court bar any testimony, evidence, or references to its finding of liability against Defendant Cockrell on the malicious

---

[1] Any claim premised on the search would be time-barred. *See Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016) ("[A] Fourth Amendment claim accrues at the time of the search or seizure."). Malicious prosecution claims accrue when the proceedings are terminated in the Plaintiffs' favor, *see McDonough v. Smith*, 588 U.S. 109, 125 (2019); but the search would be its own claim, *see Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. 384 (2007)). Because the search took place in 2015, *see* ECF No. 187, ¶¶ 49, 54, any claim premised upon it is time-barred. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012).

5

prosecution (wrongful use of civil proceedings) claim, because (1) under FRE 401, this finding is not relevant to any issue to be decided by the jury in this trial, and (2) under FRE 403, even if this finding had some minimal relevancy to any issue to be decided by this jury, its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.

Because the claim for malicious prosecution (wrongful use of civil proceedings) is now against the United States, the jury does not determine any issue with respect to Defendant Cockrell. On October 29, 2024, the United States was substituted as the Defendant for this claim. *See* Notice of Substitution, ECF No. 233; *see also* Defendant United States' Response to Pls.' Objection to the Notice of Substitution, ECF No. 258 (generally explaining that substitution is effective upon certification, *see Osborn v. Haley*, 549 U.S. 225, 252 (2007).). Therefore, the claim for malicious prosecution or wrongful use of civil proceedings will proceed against the United States and not as to Defendant Cockrell. And claims against the United States are not tried to a jury; instead, the Court is the relevant factfinder. *See* 28 U.S.C. § 2402. Therefore, under FRE 401, presenting this finding of liability to the jury has no relevance to any issue to be decided by this jury.

When the Court issued its clarification regarding the Motions for Reconsideration, it said: "The following claims will proceed to trial on February

3, 2025," and included both the malicious prosecution (wrongful use of civil proceeding) claim against all Defendants except Cockrell and the Fourth Amendment claim under § 1983 for malicious prosecution. ECF No. 242, pg. 3. The Court even clarified that Cockrell's claim would only proceed as to damages. The Federal Defendants thus understood from the Court that *all* elements of those claims which are tried by a jury, would proceed to a jury. For the § 1983 malicious prosecution claim, one such element is whether the Plaintiffs have satisfied the elements for a state law cause of action for malicious prosecution. *See Wilborn v. Hutton*, 2024 U.S. Dist. LEXIS 151528, *9 (N.D. Ind. Aug. 23, 2024) (citing *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996)). Telling the jury that the Court already made a finding to this effect against Defendant Cockrell on the state-law claim will mislead the jury as to its duty to independently conclude, for the § 1983 claim, whether Plaintiffs have presented sufficient evidence. Further, reference to the Court's finding will confuse the issues and is far more prejudicial than probative. *See* FED. R. EVID. 403.

Therefore, the Court should bar any testimony, evidence, or references to its finding of liability against Defendant Cockrell on the malicious prosecution (wrongful use of civil proceedings) claim, because, under FRE 401, such evidence is irrelevant, and/or because, under FRE 403, any minimal

probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.

## IV. MOTION *IN LIMINE* FOUR: Bar any testimony, evidence, or reference to any unrelated complaints, discipline, or other lawsuits against Federal Defendants in the context of their employment with their respective law enforcement agencies.

The Court should bar any testimony, evidence, or reference to any unrelated complaints, discipline, or other lawsuits against Gary Whisenand in the context of his employment with the United States' Drug Enforcement Agency and Tonda Cockrell in the context of her employment with both the City of Kokomo Police Department and the United States Drug Enforcement Agency, as such evidence would not be relevant to this action. *See* FED. R. EVID. 401.

Evidence or testimony that does not directly relate to Plaintiffs" allegations regarding Federal Defendants actions in this case would be irrelevant. More notably, any such evidence would be offered to show that Federal Defendants are persons of poor character and have propensity for official misconduct or are not worthy of belief, and therefore should be barred as such evidence is inadmissible under Federal Rule of Evidence 404(b), except in limited circumstances, none of which apply here.  Additionally, such evidence is improper impeachment evidence under Rule 609. Lastly, the probative value, if any, of such evidence, is substantially outweighed by the

danger of unfair prejudice, confusion of the issues in the present case, and the danger of potentially misleading the jury.

Accordingly, the Court should bar any testimony, evidence, or reference to any unrelated complaints, discipline, or other lawsuits against the Federal Defendants, including but not limited to those against Gary Whisenand in the context of his employment with the United States' Drug Enforcement Agency and Tonda Cockrell in the context of her employment with both the City of Kokomo Police Department and the United States Drug Enforcement Agency, as such evidence would not be relevant to this action.

## V. MOTION *IN LIMINE* FIVE: Bar any references to the fact that Federal Defendants may be indemnified against any judgment in this case.

The Court should bar any references to the fact that Federal Defendants may be indemnified against any judgment in this case. "When [] defendant[s are] to be fully indemnified, such evidence … is inadmissible." *Kemezy v. Peters*, 79 F.3d 33, 37 (7th Cir. 1996). Such evidence and argument are not relevant and unfairly prejudicial. *See* FED. R. EVID. 401, 403, and 411 (prohibiting "evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully"). Additionally, if presented with such evidence, the jury could find against Federal Defendants simply because they are aware that any judgment might be paid by some entity other than Federal Defendants themselves.

9

Accordingly, the Court should bar any references to the fact that Federal Defendants may be indemnified against any judgment in this case.

## VI. MOTION *IN LIMINE* SIX: Bar any lay person from providing Federal Rule of Evidence 702 Testimony.[2]

The Court should bar any and all testimony and lay witness opinions, including but not limited to those of Plaintiff Dale Economan, that would be considered expert testimony under Federal Rule of Evidence 702, as no party, aside from Federal Defendants, has disclosed witnesses to offer such expert testimony. *See Lopez v. Bridgestone Americas Tire Operations, LLC*, 2012 WL 13047287, at *1 (N.D. Ind. May 30, 2012) (holding that "Federal Rule of Civil Procedure 37(c) provides that [i]f any party fails to provide information or identity of a witness as required by Rule 26(a) …, the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at trial …") (internal quotations omitted); *Gonzalez v. Rodgers*, 2011 WL 5040673, at *5 (N.D. Ind. Oct. 24, 2011).

Accordingly, the Court should bar any and all expert testimony from any witness who was not previously disclosed in accordance with Federal Rule of Civil Procedure 26(a).

---

[2] The topic of Motion *in Limine* Six is further briefed in Federal Defendants' Motion to Bar Undisclosed Expert Witness Testimony ECF No. 262, filed on December 5, 2024.

## VII. MOTION *IN LIMINE* SEVEN: Bar any non-party witness from the courtroom.

The Court should bar any non-party witnesses from the courtroom during testimony and direct the parties to inform their witnesses of this ruling. FED. R. EVID. 615.

## VIII. MOTION *IN LIMINE* EIGHT: Bar any reference to allegations of misconduct by law enforcement agencies.

The Court should bar all parties from referring to other police or law enforcement agencies' misconduct, criminal investigations, or publicized scandals that are not connected to the specific allegations in this case.

The allegations against Federal Defendants, as set forth in Plaintiffs' Complaint have no connection to any publicized incidents of law enforcement or law enforcement misconduct. This includes any instances of police misconduct that has been publicized in the news and media. Such references to unrelated allegations of misconduct by law enforcement officers during trial can only serve to inflame the jury against law enforcement in general, and against Federal Defendants in particular. *See* FED. R. EVID. 401, 402, 403, 404(b).

Therefore, the Court should bar all parties from referring to other police or law enforcement agencies' misconduct, criminal investigations, or publicized scandals that are not connected to the specific allegations in this case.

**Conclusion**

WHEREFORE, Federal Defendants respectfully request that the Court grant these motions *in limine* and order all parties not to mention, refer to, adduce, voluntarily answer, introduce any physical evidence concerning or attempt to convey to the jury at any time during these proceedings in any manner, directly or indirectly, the respective subject matters as stated above, and instruct each party or their counsel to warn and caution each and every witness under their control appearing in this litigation to strictly comply with the rulings of this Court. Furthermore, if at anytime the parties seek relief from these rulings due to developments during the trial, the parties should be directed to approach the bench to discuss this matter outside the presence of the jury.

Respectfully submitted,

CLIFFORD D. JOHNSON

/s/ Madison Lo Dolce
WAYNE T. AULT
JENNIFER B. COOK
MADISON LO DOLCE
5400 Federal Plaza, Suite 1500
Hammond, IN 46320
T: (219) 937-5500
F: (219) 937-5550
Madison.LoDolce@usdoj.gov
*Counsel for Tonda Cockrell, Gary Whisenand, and United States of America*