UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DALE W. ECONOMAN; AND ECONOMAN AND ASSOCIATES FAMILY MEDICINE,<br><br>　　　　Plaintiffs,<br><br>　-vs-<br><br>TONDA COCKRELL; GARY L. WHISENAND; THE GARRISON LAW FIRM L.L.C., JAMES LUTTRULL, JESSICA KRUG, AND THE UNITED STATES,<br><br>　　　　Defendants. | CASE NO: 1:20-cv-00032-GSL |

## PLAINTIFFS' MOTIONS IN LIMINE

　　Plaintiffs, by counsel, request that the Court instruct the parties, counsel, and the parties' respective witnesses to refrain from mentioning, in any manner whatsoever, and to prohibit the jury from hearing and/or considering, in any manner whatsoever, the following matters and considerations, which Plaintiff maintains are irrelevant, immaterial, unduly prejudicial, and/or which constitute inadmissible hearsay, such that the matters should be precluded from going to the jury and an order in limine should be issued regarding said matters and move for an order prohibiting the Defendants, their attorneys, and witnesses from presenting evidence or argument to the jury on the following topics at any time during trial:

1

## APPLICABLE LAW

"This Court's authority to manage trials includes the power to exclude evidence pursuant to motions *in limine*." *United States v. Slone*, No. 2:09-CR-38, 2009 WL 2424449, at *1 (N.D. Ind. Aug. 5, 2009). A motion *in limine* is a motion "at the outset" or one made "preliminarily." BLACK'S LAW DICTIONARY 803 (8th ed. 2004). Motions *in limine* may be used to eliminate evidence "that clearly ought not be presented to the jury because [it] clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Family Svcs.*, 115 F.3d 436, 440 (7th Cir. 1997).

### NUMBERED MOTIONS IN LIMINE

1) **Narrative Reports of the law enforcement officer Defendants (and other officers who may testify):**

Any narrative reports by any law enforcement officers or agent who are witnesses are biased, prejudicial, and constitute inadmissible hearsay if offered on behalf of the Defendants. Just as Plaintiffs could not use his own "diary notes" to bolster his claims of unreasonable seizure, Defendants must not be permitted to use their own narrative reports to bolster their defenses. The Defendants and officers who are witnesses must rely upon their own memories, just as Plaintiff must do. The Officer's/Defendant's out-of-court statements thus cannot be offered to prove the truth of the matter asserted therein which is hearsay, and therefore, are inadmissible. Fed. R. Evid. 801. *Starks-Harris v. Taylor,* 2009 WL 2970382, at *2 (N.D. Ind. Sept. 11, 2009) (granting this same Motion in Limine).

2) **Any reference to a finding of probable cause in the criminal case (filed September 13, 2016 in Grant County Indiana)—or that the criminal case exists.**

Fed. R. Evid. 401 - 403. This matter no longer deals with whether Dr. Economan was committing crimes at EAFM. He was not. There is no need to allow the jury to hear that the officer Defendants arrested or charged Plaintiff with particular crimes. In fact, doing so would be unduly prejudicial unless the Court provides a cautionary instruction explaining that the criminal charges were eventually dismissed and Dr. Economan must be considered innocent as a result. In *Longs v. Lebo*, Case No. 3:07-cv-83 RM (N.D. Ind. 3-24-2009), Judge Robert Miller, Jr., stated that, "The court believes that the dismissal has a probative value within the meaning of Federal Rule of Evidence 401 because its omission from the case would lead to a conceptual void…" Judge Miller opined that since both sides agreed that the charges were dismissed, that informing the jury of the dismissal in the preliminary instructions with a cautionary comment that the jury could not speculate on why the charges were dismissed, was appropriate.

3) **Any mention of Dr. Economan's previous history in front of the Medical Licensing Board**; Fed. R. Evid. 404(b).

4) **Any mention that Dr. Economan or Rita Economan abused prescription medication or alcohol.** Fed. R. Evid. 404(b).

5) **Any reference to Dr. Economan's use of marijuana or conviction for possessing same.**

Federal Rule of Evidence 609(a) provides that a witness's character may not be attacked unless 1) the witness was convicted of a crime punishable by death or by imprisonment for more than one year; or 2) the elements of the crime the witness was convicted of can be readily determined by the Court to include a dishonest act or false

statement. In a civil case, the court must still subject the evidence of the criminal conviction to a Rule 403 analysis. See Fed. R. Evid. 609(a)(1)(A). The Seventh Circuit has also cautioned district courts to "be careful to ensure that a civil rights plaintiff's criminal past is not used to unfairly prejudice him or her." *Gora v. Costa*, 971 F.2d 1325, 1331 (7th Cir. 1992). Dr. Economan's sole lifetime criminal conviction is Possession of Marijuana as a class B Misdemeanor with a maximum punishment of 180 days (Ind. Code § 35-48-4-11 and I.C.§ 35-50-3-3). This conviction does not meet this threshold of Rule 609. Accordingly, evidence concerning Dr. Economan's use or possession of marijuana in this case is unduly prejudicial and not relevant and should not be admitted.

6) **Any reference to Dr. Timothy King's opinion on probable cause.** *See King Motion to Exclude/Strike.*

7) **Any reference to Dr. Dale and Rita Economan's 2010 Bankruptcy Proceedings.** Fed. R. Evid. 404(b); Fed. R. Evid. 403.

8) **Any introduction of exhibits by Defendants Krug and Luttrull for any purpose other than impeachment or refreshing recollection pursuant to this Court's Pretrial Order of November 6, 2024.**

On November 6, 2024, this Court issued a Trial Order [ECF 235] which stated in relevant part that "…counsel who have not identified their witnesses and physical or documentary evidence with particularity as ordered, will be precluded from offering the same at trial, except upon a showing of good cause." [ECF 235 p. 3].

This Court ordered that by November 29, 2024, all parties "must assemble all exhibits that may be introduced into evidence at the trial (including any deposition exhibits that may be offered at trial) and all other demonstrative or illustrative items

that may be used at trial and make copies of each item available to other counsel. Any exhibit not disclosed at that time <u>cannot be used at the trial</u> for any purpose other than impeachment or refreshing recollection." [ECF 235 p 5]. Defendants Krug and Luttrull have not complied with this Court's Order. The parties agreed to exchange exhibits on a cloud-based system provided by the United States Attorney (USAFX). Each party to the lawsuit—except Defendants Krug and Luttrull—uploaded and identified the exhibits they intend to use at trial by November 29, 2024. Pursuant to this Court's Order, Defendants Krug and Luttrull should not be permitted to introduce any documentary evidence for any reason other than impeachment or refreshing recollection.

9) **Any arguments that appeal to jurors' pecuniary interests as taxpayers**.

- Evidence that might be offered: argument.

- Evidence is inadmissible pursuant to: arguments that encourage the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence are prohibited. *United States v. Roman*, 492 F.3d 803, 805 (7th Cir. 2007).

- Injury the movant risks if an in-trial objection is required: mistrial.

10) **Any argument or statements by counsel which attempt to undermine or encourage the Jury to disregard this Court's prior findings of fact in its Opinion and Order on Summary Judgment [ECF 225].**

Given the Court's granting of summary judgment in favor of Plaintiffs and against Cockrell, the indisputable findings and facts established for trial as they relate to Cockrell are as follows:

4898-0358-4771, v. 1

A. Cockrell instituted, or caused to be instituted, the forfeiture action against Plaintiffs. (ECF-225 at 9-10)

B. Cockrell's affidavit was prepared by Defendant Garrison Law Firm. (*Id.* at 3, 12, 23)

C. Cockrell signed the affidavit affirming the truthfulness of its contents under oath. (*Id.* at 3, 12, 18, 23)

D. Cockrell's affidavit focused entirely on the bank accounts that allegedly contained proceeds from Plaintiffs' alleged criminal enterprise. (*Id.* at 12)

E. Cockrell has since admitted that her affidavit was inaccurate in stating she had good cause to believe that the accounts seized from Plaintiff contained significant funds from a criminal enterprise. (*Id.* at 12, 23)

F. Cockrell lacked probable cause when she signed her affidavit. (*Id.*)

G. Cockrell knew her affidavit would be submitted to a court. (*Id.* at 21)

H. Removing the allegations that Cockrell admits she did not have good cause to assert or affirm leaves almost nothing. (*Id.*)

I. Cockrell's untruthful statements were material to the probable cause finding, and her affidavit would not have established probable cause without those statements. (*Id.*)

J. Cockrell knew she did not have evidence to support her affidavit. (*Id.*)

K. Cockrell acted maliciously. (*Id.* at 12)

L. Cockrell did not have probable cause, let alone a preponderance of evidence, that Plaintiffs committed the offense of corrupt business influence, or any other crime, which would make a civil forfeiture proceeding appropriate. (*Id.* at 12)

M. The forfeiture cause was terminated in Plaintiffs' favor. (*Id.* at 10)

N. Cockrell is not entitled to qualified immunity since it has long been established that it is a constitutional violation to fabricate evidence in an affidavit. (*Id.* at 30)

6

The Court's indisputable findings as they relate to Plaintiffs' claims against Whisenand are as follows:

O. Defendant Whisenand admitted to including conclusory statements in his affidavit that were not supported by evidence and which did not create probable cause. (*Id.* at 23)

P. Defendant Whisenand admitted he had absolutely no evidence that Plaintiff had committed Medicaid fraud when he swore and affirmed to the same in his affidavit. (*Id.*)

Q. Defendant Whisenand admitted he had no evidence that Plaintiffs were involved in money laundering. (*Id.*)

R. Whisenand did not have probable cause, let alone a preponderance of evidence, that Plaintiffs committed the offense of corrupt business influence, or any other crime, which would make a civil forfeiture proceeding appropriate. (*Id.* at 12)

S. Eliminating the statements Whisenand admitted he had no evidence to support, and removing the INSPECT data, strips his affidavit of details essential to the finding of probable cause. (*Id.* at 20)

T. Whisenand's conclusory statements in his affidavit that were not supported by evidence and which not create probable cause are fabricated statements. (*Id.* at 23).

The Court's indisputable findings as they relate to Plaintiffs' claims against all Defendants are as follows:

U. Defendants did not have probable cause, let alone a preponderance of evidence, that Plaintiffs committed the offense of corrupt business influence, or any other crime, which would make a civil forfeiture proceeding appropriate. (*Id.* at 12)

V. Defendants Luttrull, Krug, and Whisenand drafted, reviewed, and ultimately submitted an affidavit to a court which they knew they did not have evidence to support. (*Id.* at 21)

7

- W. Defendants Garrison Law Firm and Cockrell drafted, reviewed, and ultimately submitted an affidavit to a court which they knew they did not have evidence to support. (*Id.*)

- X. Defendants met several times to discuss the case against Plaintiffs, and because they jointly wrote the untruthful affidavits which were provided to the Grant County Judge in support of Defendant's request that Plaintiffs' assets be seized, there is sufficient evidence of a conspiracy between Defendants Luttrull, Krug, Garrison Law Firm, Whisenand and Cockrell. (*Id.* at 18)

- Y. Defendants wrote, reviewed, or submitted affidavits containing fabricated information (*Id.* at 31)

This Court has left in place its findings of fact and conclusions of law with respect to its Order finding that Cockrell committed the tort of malicious prosecution/wrongful use of proceedings. That finding could only be made if the Court concluded, as it did, that Defendants "did not have probable cause, let alone a preponderance of evidence, that Plaintiffs committed the offense of corrupt business influence, or any other crime, which would make a civil forfeiture proceeding appropriate." [ECF 225 p. 12]. To arrive at that conclusion, this Court also made indisputable findings as they relate to the facts of the case. These findings must stay intact or there is a risk of factually inconsistent verdicts.

These findings also encompass the law of this case. "The "law of the case" doctrine is a long-standing and well taken legal doctrine. It provides that courts should not reopen issues that are decided in earlier stages of the same litigation." *Beaver v. Foamcraft, Inc.*, 181 F. Supp. 2d 968, 971, 2002 WL 91633 (N.D. Ind. 2002); *Barrett v. Baylor,* 457 F.2d 119 (7th Cir. 1972) ("Rule of law of case is a rule of practice based on sound policy that when an issue is litigated and decided it should be the end

8

of the matter and the unreversed decision on question of law or fact made during course of litigation settles that question for all subsequent stages of suit.").

Plaintiffs do not dispute that evidence related to one or more of these findings may be admissible on issues still before the jury. If the evidence is relevant to a claim or issue that remains in the case, that evidence should be admissible for that limited purpose. However, counsel should not be permitted to inappropriately circumvent this Court's prior ruling and the findings of this case through argument. *Sys. Dev. Integration, LLC v. Computer Scis. Corp.,* 2012 WL 3204994, at *3 (N.D. Ill. Aug. 3, 2012).

This court (Hon. Judge Lee) was presented with similar circumstances by rival parties' pre-trial motions in limine in a patent dispute.

> The Court first points out that its discussion of the issue of analogous art (specifically, the comparison of wrist implants versus knee implants), as set forth in its prior Order on Howmedica's motion for summary judgment on the issue of invalidity, was presented within the context and parameters of the standard governing motions for summary judgment. The Court did indeed (as Zimmer quotes) state that wrist implants and knee implants serve distinct purposes. Based only in part on that conclusion, the Court determined that material issues of fact on the much broader subject of invalidity precluded the entry of summary judgment in favor of Howmedica. However, it is likewise true, as Howmedica points out, that the Court also ruled that wrist implants and knee implants fall within the scope of "analogous art." **The evidentiary issue before the Court now is whether Zimmer should be permitted to argue the opposite—that wrist implants and knee implants are *not* analogous and therefore such prior art cannot be considered on the issue of invalidity.** The Court concludes, again as a preliminary matter for purposes of the present motion in limine, that Zimmer should not be permitted to argue to the jury that persons of ordinary skill in the art would not look to or be aware of prior art. To hold otherwise could, as Howmedica argues, impose an unrealistic burden of proof on Howmedica's invalidity defense and/or unduly confuse the jury concerning issues relevant to the invalidity inquiry. For these reasons, Howmedica's Motion in Limine No. 8 is GRANTED. *Zimmer Tech.,*

*Inc. v. Howmedica Osteonics Corp.*, 2008 WL 11504958, at *3 (N.D. Ind. Nov. 25, 2008) (emphasis added).

The same should hold true here. If the Defendants are permitted to make arguments to the jury that are inconsistent with this Court's prior decisions, it has the real potential to result in juror confusion on the issues that are still to be decided. Plaintiffs more specifically object to counsel for Cockrell from admitting evidence or putting forth argument disputing these material facts, because by doing so, there is a serious risk of jury confusion as it relates to their joint clients. Attempting to undermine these facts which have been established as a matter of law for another defendant would also mislead the jury and undermine this Court's prior rulings. For these reasons, any challenge to the Court's findings as stated above should not be permitted.

WHEREFORE, Plaintiffs request this Court to issue instructions to the parties that the ten (10) matter above are not to be mentioned or alluded to without first seeking permission from the Court.

> Respectfully Submitted,
> DENSBORN BLACHLY LLP
>
>
> /s/ *Eric D. Schmadeke*
> Eric D. Schmadeke, Atty No. 27329-49
> Gillian D. Keiffner, Atty No. 26804-49
> DENSBORN BLACHLY LLP
> 500 East 96th Street, Suite 100
> Indianapolis, IN  46240
> gkeiffner@dblaw.com
> eschmadeke@dblaw.com

4898-0358-4771, v. 1

*Attorneys for Plaintiffs Dale W. Economan and Economan and Associates Family Medicine*

### CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of December, 2024, the foregoing pleading was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dirk De Lor
Dirk.DeLor@usdoj.gov

Jennifer Cook
Jennifer.Cook2@usdoj.gov

Wayne T. Ault
Wayne.Ault@usdoj.gov

Madison Lo Dolce
Madison.lodolce@usdoj.gov

Michael E. Brown
Mbrown@k-glaw.com

Betsy M. DeNardi
Betsy.DeNardi@atg.in.gov

Cory C. Voight
Cory.Voight@atg.in.gov

Carly A. Brandenburg
cbrandenburg@eichhorn-law.com

I also certify that on December 5, 2024, a copy of the foregoing document was served by United States First Class mail, postage prepaid on:

Betsy M. DeNardi
Cory C. Voight

11

4898-0358-4771, v. 1

Office of the Indiana Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770

                                              /s/ *Eric D. Schmadeke*
                                              Eric D. Schmadeke

4898-0358-4771, v. 1