UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DALE E. ECONOMAN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:20-cv-32-GSL |
| | ) |
| UNITED STATES OF AMERICA, *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

**STATE DEFENDANTS' MOTIONS IN LIMINE**

State Defendants, James Luttrull and Jessica Krug, by counsel, hereby submits their motion *in limine* and, in support thereof, hereby states and avers as follows:

State Defendants join and incorporate by reference the motions in limine filed by Federal Defendants [ECF 265].

**Motion in Limine No. 1**

State Defendants request the Court prohibit any testimony or comment from the Plaintiffs asking the jury to put themselves in the Plaintiffs' situation and fix their verdict on the amount they would want under the same circumstances. Introduction of such evidence would be irrelevant and would be unduly prejudicial to the State Defendants. Fed. R. Civ. P. 401 and 403. *See Klotz v. Sears, Roebuck & Co.*, 267 F.2d 53 (7th Cir. 1959); *Johnson v. Howard*, 24 Fed. Appx. 480 (6th Cir. 2001) ("Those circuits that have considered use of 'Golden Rule' arguments have 'universally condemned' them as improper because they invite decision based on bias and prejudice rather than consideration of facts.")

**Motion in Limine No. 2**

State Defendants request the Court prohibit any testimony or comment that the State of Indiana will indemnify the State Defendants. Whether or not the State provides indemnity is irrelevant to the issue of whether any State Defendant is liable for any acts they may have performed which proximately caused injury to the Plaintiff. Fed. R. Evid. 403. Moreover, by allowing Plaintiffs to make such references would be unduly prejudicial, i.e., the jury may feel that even if there was no liability, the Plaintiffs should be compensated for their time and efforts in bringing the lawsuit or may lead jurors to inflate an award out of sympathy or other irrelevant factors, particularly in view of the fact that the State has the "deep pocket." Ind. R. Evid. 403.

Reference to indemnity is akin to reference to insurance which is precluded by Federal Rule of Evidence 411. *See Walker v. Saenz*, 1992 WL 317188, *3 (N.D. Ill. Oct. 27, 1992) (J. Ann Williams); *Larez v. Holcomb*, 16 F.3d 1513, 1518 (9th Cir. 1994) (holding that instructions to jury on indemnification in § 1983 action required new trial); *Green v. Baron*, 879 F.2d 305, 310 (8th Cir. 1989) (stating that instructions concerning indemnification are extremely prejudicial); *Griffin v. Hillke*, 804 F.2d 1052, 1057 (8th Cir. 1986) (declaring indemnification instructions to constitute reversible error).

**Motion in Limine No. 3**

State Defendants request the Court prohibit any testimony or evidence regarding the lawsuits and settlements entered by the State of Indiana related to claims against opioid manufacturers, distributors, or pharmacies. These lawsuits and settlements relate to claims of harm to the State under various theories including the Indiana Deceptive Consumer Sales Act and Indiana False Claims Act. These claims do not relate in any way to the Plaintiffs' allegations surrounding the civil forfeiture proceeding regarding his assets. The introduction of this evidence

would be irrelevant and would be unduly prejudicial to the State Defendants. Fed. R. Civ. P. 401 and 403.

                                      Respectfully submitted,

                                      THEODORE E. ROKITA
                                      Attorney General of Indiana
                                      Attorney No. 18857-49

Date: December 5, 2024                s/ *Betsy M. DeNardi*
                                      BETSY M. DENARDI
                                      CORY C. VOIGHT
                                      Office of the Indiana Attorney General
                                      302 West Washington Street
                                      Indianapolis, IN 46204
                                      betsy.denardi@atg.in.gov
                                      *Counsel for James Luttrull and Jessica Krug*