UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DALE ECONOMAN, et al., *Plaintiffs*, v. TONDA COCKRELL, et al., *Defendants*. | CASE NO. 1:20-cv-00032-GSL |

**DEFENDANT GARRISON LAW FIRM'S BRIEF IN SUPPORT OF ITS MOTIONS IN LIMINE**

Defendant, Garrison Law Firm ("GLF"), by counsel, submits the following brief in support of its motions in limine, filed herewith. In this brief GLF addresses, in order, those items set forth in its motions in limine.

**1.    TESTIMONY, REFERENCE, OR DOCUMENTATION THAT WOULD SUGGEST GLF MAY HAVE LIABILITY INSURANCE**

Courts have repeatedly held that any evidence or remarks about liability insurance are inadmissible. *See* King v. Harrington, 447 F.3d 531, 533 (7th Cir. 2006). This is embodied by Federal Rule of Evidence 411, which stated in part that "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. ..."  Moreover, pursuant to Indiana case law, evidence of whether or not a party carries liability insurance is not admissible or relevant to the case in and of itself and is prejudicial.  Pickett v. Kolb, 237 N.E.2d 105, 107 (Ind. 1968).  *See also* Clouse v. Fielder, 431 N.E.2d 148 (Ind. Ct. App. 1982) (holding any evidence or remarks regarding liability insurance in a negligence case is inadmissible).

1

Accordingly, GLF requests that the Court enter an order prohibiting Plaintiffs, their counsel and all witnesses from introducing, mentioning, inquiring about or alluding to evidence that GLF has liability insurance.

## 2. THE MENTION OF ANY SETTLEMENT OR COMPROMISE, NEGOTIATIONS OR LACK THEREOF BETWEEN THE PARTIES

The Federal Rules of Evidence expressly prohibit the introduction of the fact that a party offered, promised to offer, accepted, or promised to accept, a compromise settlement, when such evidence is offered "to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount." Fed. R. Evid. 408. Similarly, the Rule prohibits the introduction of "conduct or statements made in compromise negotiations regarding the claim" in civil cases. *Id*. Such evidence is barred from being admitted at trial and is appropriately excluded under a motion *in limine*. *See* Williams v. Lovchik, No. 1:09-CV-1183-TWP-DML, 2012 WL 2930773, at *1 (S.D. Ind. July 18, 2012).

Accordingly, GLF requests the Court enter an order prohibiting Plaintiffs, their counsel, and all witnesses from introducing, mentioning, inquiring about or alluding to any evidence of settlement negotiations, offers to compromise, or the failure or lack thereof.

## 3. THE MENTION OF THE FINANCIAL SIZE, ASSETS, FINANCIAL STANDING, OR PROFITS OF GLF

Plaintiffs should be precluded from introducing any evidence before the jury as to the financial size, assets, financial standing, or profits of GLF or its ability to pay any judgment obtained by Plaintiffs in this cause.

Courts are nearly unanimous when recognizing their duty to prevent improper argument by counsel regarding the alleged wealth or comparative wealth of a defendant based on concerns

for unfair passion and prejudice. *See* Adams Labs, Inc. v. Jacobs Eng'g Co., Inc., 761 F.2d 1218 (7th Cir. 1985) (appealing to the sympathy of the jurors through references to the wealth of the defendants in contrast to the relative poverty of the plaintiffs is totally improper and cause for reversal); Garcia v. Sam Tanksley Trucking, Inc., 708 F.2d 519, 522 (10th Cir. 1983); U.S. v. Stahl, 616 F.2d 30, 33 (2nd Cir. 1980); Draper v. Airco, Inc., 580 F.2d 91, 95 (3rd Cir. 1978); Edwards v. Sears, 512 F.2d 276 (5th Cir. 1975); Foster v. Crawford Shipping Co., 496 F.2d 788, 792 (3rd Cir. 1974); Koufakis v. Carvel, 425 F.2d 892 (2nd Cir. 1970). A cardinal principle of American jurisprudence is that "the rich and poor stand alike in courts of justice, and that neither the wealth of one nor the poverty of the other shall be permitted to affect the administration of the law." Rodriguez v. Traylor, 468 So.2d 1186, 1188 (La. 19985) (citations omitted); Gonzalez v. Volvo of America Corp., 752 F.2d 295 (7th Cir. 1984) (argument contrasting defendant's wealth to the relative poverty of plaintiff and asking jury to set safety standards by their verdict was grossly immoderate and possibly prejudicial).

Accordingly, this Court should not allow Plaintiffs to refer in any way to the wealth, size or financial condition of GLF, or to Plaintiffs' own relative wealth or financial capacity. *See* Thunderbird, Ltd. v. First Federal Savings and Loan, 908 F.2d 787, 791 n.3 (11th Cir. 1990) (court granted defendant's motions in limine to exclude all references or evidence as to individual or corporate wealth or financial capacity).

Even if such evidence was relevant, which it clearly is not, it should be excluded because its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

As such, GLF requests the Court enter an order prohibiting Plaintiffs, their counsel, and all witnesses from introducing, mentioning, inquiring about or alluding to any evidence regarding the financial size, assets, financial standing, or profits of GLF or its ability to pay any judgment in this cause.

**4.     ANY RECORDS, DOCUMENTS OR OTHER TANGIBLE ITEMS NOT DISCLOSED ON PLAINTIFFS' OR CO-DEFENDANTS' FINAL EXHIBIT LIST**

Plaintiffs should not be allowed to introduce evidence from any exhibit not listed on their Final Exhibits List or one of the Co-Defendants' Final Exhibit List. GLF has prepared its trial strategy and defenses according to the exhibits which Plaintiffs listed on their exhibit list. Depositions have been taken in accordance with GLF's trial strategy, which is based in part on the exhibits Plaintiffs intends to introduce. The reason for final exhibit lists is to put the Court and the adverse parties on notice as to which exhibits will be presented at trial. If Plaintiffs were allowed to introduce exhibits not disclosed on their final exhibit list, GLF would be prejudiced as it has not had an opportunity to prepare cross-examination and trial strategy relative to same.

Accordingly, GLF requests that the Court enter an order prohibiting Plaintiffs, their counsel, and all witnesses from introducing, mentioning, inquiring about any exhibit not listed on Plaintiffs' Final Exhibits List or the Final Exhibit List of one of the Co-Defendants.

**5.     TESTIMONY FROM ANY WITNESS NOT LISTED ON PLAINTIFFS' OR CO-DEFENDANTS' FINAL WITNESS LIST**

Plaintiffs should not be allowed to introduce testimony from any witness not listed on their Final Witness List or on one of the Co-Defendants' Final Witness Lists. GLF has prepared its trial strategy and defenses according to the witnesses whom Plaintiffs identified on their final list of witnesses. Depositions have been taken in accordance with GLF's trial strategy, which is based

in part on the witnesses Plaintiffs intends to introduce. The reason for final witness lists is to put the Court and the adverse parties on notice as to which witnesses will be testifying at trial. If Plaintiffs were allowed to introduce testimony from witnesses not listed on their final witness list, GLF would be prejudiced as it has not had an opportunity to prepare cross-examination and trial strategy relative to same.

Accordingly, GLF requests that the Court enter an order prohibiting Plaintiffs, their counsel, and all witnesses from introducing, mentioning, inquiring about or alluding to any witness or witness testimony not listed on Plaintiffs' Final Witness List or the Final Witness List of one of the Co-Defendants.

**6.    TESTIMONY OR EVIDENCE RELATING TO ANY ITEM REQUESTED AND NOT OTHERWISE PROVIDED BY PLAINTIFFS IN DISCOVERY OF THIS CASE**

GLF previously served Plaintiffs with Request for Production. Any items requested in discovery, but not produced, should be excluded from evidence. As related to discovery, Plaintiffs have a continuing and ongoing duty to supplement their responses to the extent they are/become inaccurate or incomplete. Fed. R. Civ. P 26(e)(1)(A). If such items exist and were not produced or supplemented timely, Plaintiffs should not be allowed to introduce evidence of same as it would be contrary to the Federal Rules of Civil Procedure and prejudicial to GLF, who has already developed its trial strategy and defenses according to the items produced in discovery and Plaintiffs' responses thereto.

Accordingly, GLF requests that the Court enter an order prohibiting Plaintiffs, their counsel, and all witnesses from introducing, mentioning, inquiring about or alluding to any item requested and not otherwise provided by Plaintiffs in discovery of this case.

### 7. EXPERT TESTIMONY FROM ANY WITNESS NOT DISCLOSED AS AN EXPERT AS REQUIRED BY THE CASE MANAGEMENT PLAN.

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(i), Plaintiffs must have provided a written report of their qualifying testifying expert(s), and such report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." As such, and logically, where, as here, Plaintiffs have not identified any specifically retained expert witness, they should not be able to elicit testimony (opinion or otherwise) from any retained expert.

Accordingly, GLF requests that the Court enter an order prohibiting Plaintiffs, their counsel, and all witnesses from introducing, mentioning, inquiring about or alluding to any retained Plaintiffs expert, calling any such retained expert to testify in this case.

### 8. THE FILING OF THE PARTIES' MOTIONS IN LIMINE AND ANY PRE-TRIAL DISCOVERY REQUESTS, DISPUTES, AND/OR MOTIONS

The fact that the parties filed motions in limine or had pre-trial discovery disputes is not admissible at trial. The test to determine admissibility is whether the "evidence" in question tends to make more probable or less probable the existence of some fact pertinent to the case. Fed. R. Evid. 401. Federal courts have accepted as axiomatic the notion that parties are not at liberty to make reference to pre-trial motions in the presence of the fact-finder. *See, e.g.*, Knox v. City of Monroe, 2009 U.S. Dist. LEXIS 29454, at *39 (W.D. La. 2009) (concluding no ruling was necessary on request to prohibit references to motions in limine since "[t]he [c]ourt expects counsel to conform their conduct to the rules on courtroom decorum and the tenets of professionalism" and that "[i]f there is any question as to whether a statement should be made in open court, counsel should request a sidebar"); Mayer v. Future Elecs. GP Corp., 2008 U.S. Dist. LEXIS 105582 *1 (N.D. Miss. 2008) (granting defendant's request to prohibit references to the fact that defendant

made a motion in limine); Rivera v. Salazar, 2008 U.S. Dist. LEXIS 58065 *17 (S.D. Tex. 2008) (granting same request under Federal Evidence Rule 401: "[t]he fact that evidence has been excluded cannot be relevant because it does not tend to make any material fact more or less probable"); Gregory v. Oliver, 2003 U.S. Dist. LEXIS 5933 *12-13 (N.D. Ill. 2003) (granting same request noting that the request "is unexceptionable, because it simply wants to bar any reference to the fact that defendants have made motions in limine or to this court's rulings on those motions").

The filing of motions in limine, as well as any discovery disputes and/or discovery motions do not make any fact pertinent to the case any more or less probable and introduction of same would only lead to jury confusion. Thus, these litigation events are irrelevant and inadmissible under Federal Rule of Evidence 401 and 403.

Accordingly, GLF requests that the Court enter an order prohibiting Plaintiffs, their counsel, and all witnesses from introducing, mentioning, inquiring about or alluding to the filing of Motions in Limine by any party or any discovery disputes or motions.

### 9. EVIDENCE REGARDING OTHER LAWSUITS, ALLEGED BAD ACTS, OR INCIDENTS INVOLVING GLF OR ITS EMPLOYEES/AGENTS

GLF believes that Plaintiffs may attempt to introduce evidence or testimony regarding GLF's involvement in other civil forfeiture actions and argument that there was impropriety in those actions. While testimony that GLF and/or its employees/agents had previously filed civil forfeiture actions may be admissible, Plaintiffs should be prohibited from entering evidence or testimony related to the specific facts of those other forfeiture complaints and any allegations of wrongdoing related to same.

Evidence of other lawsuits and/or bad acts, wrongs or incidents[1] should be excluded under Rules 401 and 402 because such evidence is irrelevant and, therefore, inadmissible. Further, such evidence should be excluded under Rule 403 because its probative value is substantially outweighed by the risk of unfair prejudice, confusion of the issues, and misleading of the jury. A trial court's balancing under Rule 403 is governed by the abuse of discretion standard and will be accorded "great deference" on appeal. United States v. Garner, 837 F.2d 1404, 1416 (7th Cir.1987) (quoting Davis v. Lane, 814 F.2d 397, 399 (7th Cir.1987) (quoting West v. Love, 776 F.2d 170, 174 (7th Cir.1985))).

The evidence is also precluded under Rule 404(b). The only purpose for introducing evidence of prior bad acts, wrongs or incidents is to attempt to use the same to show that GLF and/or its employees/agents committed wrongdoings in the past and therefore must have committed malicious prosecution/wrongful use of civil proceedings and violated Plaintiffs' Fourth and Fifth Amendment rights in the present case.

Accordingly, GLF requests that the Court enter an order prohibiting Plaintiffs, their counsel, and all witnesses from introducing, mentioning, inquiring about or alluding to any other lawsuits against GLF and/or other alleged bad acts, wrongs or incidents involving GLF and/or its employees/agents related to other civil forfeiture actions.

**10.     TESTIMONY OR EVIDENCE REGARDING DAMAGES THAT DO NOT ARISE FROM THE ALLEGED CONSTITUTIONAL VIOLATION AT ISSUE**

This Court has ordered that the claims proceeding to trial are the following: Malicious Prosecution (Wrongful Use of Civil Proceeding) under Indiana Law against all Defendants except Defendant Tonda Cockrell, Violations of the Fourth Amendment under 42 U.S.C. Section 1983

---

[1] GLF denies that they or their agents/employees committed any wrongdoing in connection with any civil forfeiture action that they have been involved in.

against all Defendants, and Violations of the Fifth Amendment under 42 U.S.C. Section 1983 against all Defendants. Regarding the Section 1983 claims, Plaintiffs alleged in their Complaint that they were deprived of their constitutionally guaranteed rights by actions taken under the color of state and federal law in the form of malicious prosecution and abuse of process. (Complaint ¶¶ 89-90). As Plaintiffs' malicious prosecution claims related to the criminal case and the medical board proceedings as well as their abuse of process claims have all been dismissed, the remaining claims are all related to the civil forfeiture action. As such, any evidence and/or testimony related to alleged damages arising from the search warrant, criminal proceeding, and medical licensing proceeding should be excluded under Rules 401 and 403 because such evidence is irrelevant and, therefore, inadmissible. Further such evidence should be excluded under Rule 403 because its probative value is substantially outweighed by the risk of unfair prejudice, confusion of the issues, and misleading of the jury.

Accordingly, GLF requests that the Court enter an order prohibiting Plaintiffs, their counsel, and all witnesses from introducing, mentioning, inquiring about or alluding to any alleged damages that did not arise from the civil forfeiture action.

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

By  *s/ Michael E. Brown*
Michael E. Brown, ID No. 2914-49
*Attorney for Defendant, The Garrison Law Firm*

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 5th day of December, 2024, the foregoing pleading was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Betsy M. DeNardi
Cory C. Voight
OFFICE OF THE
INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 W. Washington St.
Indianapolis, IN 46204-2770
Betsy.DeNardi@atg.in.gov
Cory.Voight@atg.in.gov
Attorneys for Defendants, James Luttrull, Jessica Krug and The Office of the Indiana Attorney General

Madison Lo Dolce
Wayne T. Ault
5400 Federal Plaza, Suite 1500
Hammond, IN 46320
Madison.lodolce@usdoj.gov
Wayne.ault@usdoj.gov
Attorneys for Defendants, United States of America, Tonda Cockrell and Gary Whisenand

Eric Schmadeke
DENSBORN BLACHLY LLP
500 E 96th Street, Suite 100
Indianapolis, IN 46240
eschmadeke@dblaw.com

Gillian D. Keiffner
KEIFFNER LAW LLC
6508 Westfield Blvd., Suite 300
Indianapolis, IN 46220
Gillian@keiffner.com
Attorney for Plaintiffs

       *s/ Michael E. Brown*
       Michael E. Brown

KIGHTLINGER & GRAY, LLP
211 N. Pennsylvania Street
One Indiana Square, Suite 300
Indianapolis, Indiana 46204
(317) 638-4521
mbrown@k-glaw.com
tfreed@k-glaw.com