UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DALE E. ECONOMAN, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, *et al.* ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:20-cv-32 |

**REPLY IN SUPPORT OF FEDERAL DEFENDANTS' STATEMENT REGARDING FAILURE TO INTERVENE**

On November 19, 2024, Defendants United States, Gary Whisenand, and Tonda Cockrell (hereinafter referred to as the Federal Defendants) filed their "Statement Regarding Failure to Intervene," addressing whether Plaintiffs have a failure to intervene claim against them at this stage of the proceedings. *See* ECF No. 247. Other Defendants also made filings addressing Plaintiffs' claim. *See* Defendants' [James Luttrull and Jessica Krug] Memo. Addressing Failure to Intervene Claim, ECF No. 245, *and* Def. Garrison Law Firm's Suppl. Br. in Support of Mot. for Reconsideration of Denial of Summ. J., ECF No. 246. On December 3, 2024, Plaintiffs filed a single response to all three documents. *See* Pls.' Resp. to Def.'s Brs. in Opp. to Pls.' Failure to Intervene Claim ("Pls.' Resp."), ECF No. 257.

Plaintiffs miss the mark of the Federal Defendants' argument. Plaintiffs' response focuses on whether any party moved for summary judgment on the claim; but the issue, with respect to the Federal Defendants, is that <u>no such claim is legally viable on Plaintiffs' presented fact pattern</u>. Therefore, Plaintiffs should not be permitted to present any argument regarding a failure to intervene claim against the Federal Defendants at trial.

## **Argument**

Plaintiffs acknowledge that failure to intervene is a dependent theory that requires an underlying constitution tort. *See* Pls.' Resp. at 7 (citing Fed'l Defs.' Statement at 2, citing *Gill v. Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017)). Plaintiffs have an underlying constitution tort, namely the civil forfeiture action,[1] and have brought a claim for malicious prosecution pursuant to § 1983.

---

[1] Any claim premised on the search from 2015 would be time-barred. *See* ECF No. 187, ¶¶ 49, 54; *Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016) (citing *Wallace v. Kato*, 549 U.S. 384 (2007)). Any claim premised on the medical licensing board proceeding, or the criminal proceeding, is barred because the Court has already found those actions did not terminate in the Plaintiffs' favor. *See* Op. & Order, ECF No. 72, pg. 27 ("the Plaintiffs' malicious prosecution claim arising out of the underlying criminal proceeding and medical licensing proceeding must be dismissed since the Plaintiffs fail to establish a necessary element of such a claim"); *see also Wilborn v. Hutton*, 2024 U.S. Dist. LEXIS 151528, *9 (N.D. Ind. Aug. 23, 2024) ("To state a claim for malicious prosecution under § 1983, a plaintiff must demonstrate that . . . she has satisfied the elements for a state law cause of action for malicious prosecution[.]") (citing *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996)); *see also Thompson v. Clark*, 596 U.S. 36, 39 (2022) ("To maintain [a

2

But to assert liability under § 1983 against federal officials, like Defendants Whisenand and Cockrell, Plaintiffs must establish they "reached an understanding to deprive the plaintiff of his constitutional rights" with a state official, and "were willful participants in joint activity with the State or its agents." *Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 518 (7th Cir. 2020). Plaintiffs have asserted facts related to these elements for their underlying tort claim against Defendants Whisenand and Cockrell, by alleging they conspired with various state defendants in instituting the civil forfeiture action. However, Plaintiffs have <u>not</u> alleged or ever argued facts establishing those elements for any failure to intervene claim with respect to Whisenand and Cockrell.

For example, in their Summary Judgment briefing, Plaintiffs argued Defendants Cockrell and Whisenand failed to intervene with each other. *See, e.g.,* Pls.' Br. in Opp. to the Mot. for Summ. J. of Def. U.S., ECF No. 193, at pg. 21 ("Cockrell also knew that Whisenand had submitted a false and misleading affidavit to the court in seeking seizure of all of Dr. Economan's assets. Cockrell did nothing."); Pls.' Br. in Opp. to the Mot. for Summ. J. of Def. Whisenand, ECF No. 194, at pg. 20 ("Whisenand knew that Cockrell submitted a false

---

§ 1983 claim for malicious prosecution], a plaintiff such as Thompson must demonstrate, among other things, that he obtained a *favorable termination* of the underlying criminal prosecution.") (emphasis in original).

3

affidavit to the court in seeking seizure of all of Dr. Economan's assets and therefore failed to intervene in a knowingly unconstitutional seizure."). But Plaintiffs have never argued either Whisenand or Cockrell is a state actor – and indeed, the Court has found otherwise. *See* Op. and Order, ECF No. 225, at pg. 16–18. Plaintiffs still, even having filed their response, do not identify what state actor Defendants Cockrell and Whisenand are supposed to have conspired with to fail to intervene in the filing of the civil forfeiture action.

Plaintiffs' Response instead focuses on the other Defendants' moving for summary judgment. *See, e.g.,* Pls.' Resp. at 7 ("The Defendants are not entitled to summary judgment on a claim they never moved for summary judgment against."). Plaintiffs may have a failure-to-intervene claim against Defendants other than the Federal Defendants, because those Defendants may indeed be state actors. *See, e.g.,* Op. and Order, ECF No. 242 (sending the question of whether Garrison Law Firm is a state actor to the jury). But the Federal Defendants sit in a different posture: Plaintiffs must establish <u>additional facts</u> to bring § 1983 liability against the <u>Federal</u> Defendants. As stated above, to assert a § 1983 claim against a federal official, Plaintiffs must establish that the federal official conspired with a state actor; namely, that they "reached an understanding to deprive the plaintiff of his constitutional rights" with a state official, and "were willful participants in joint activity with the State or its agents." *Dix,* 978 F.3d at 518. For liability under a failure-to-intervene theory,

then, Plaintiffs would need to establish this understanding and willful participation with respect to the elements of that claim; namely, knowledge of a constitutional violation and a realistic opportunity to intervene. *See Doxtator v. O'Brien*, 39 F.4th 852, 864–65 (7th Cir. 2022). Plaintiffs have still, after some 20 identified filings (*see* Pls.' Resp. at pg 2–3), never even suggested facts that would prove these requirements.

Therefore, the Federal Defendants request that the Court not permit the Plaintiffs to argue at trial, including any reference in the jury instructions[2] or on the verdict form, that Defendants Whisenand or Cockrell can be liable under § 1983 based on "failure to intervene."

                    Respectfully submitted,

                    CLIFFORD D. JOHNSON
                    UNITED STATES ATTORNEY

                    /s/ Jennifer B. Cook
                    WAYNE T. AULT
                    JENNIFER B. COOK
                    MADISON LO DOLCE
                    Assistant United States Attorneys
                    Northern District of Indiana
                    5400 Federal Plaza, Suite 1500
                    Hammond, Indiana 46320

---

[2] Plaintiffs' proposed instruction on Failure to Intervene suggests that no such claim can proceed against Defendants Cockrell and Whisenand. *See* ECF No. 273 at pg. 4 (discussing Cockrell and Whisenand, then saying "[t]o succeed on a failure to intervene claim, Plaintiff must prove … with respect to the remaining Defendants[.]"). However, Plaintiffs have included Defendants Whisenand and Cockrell on their proposed verdict form under "Failure to Intervene." *See* ECF No. 267, pg. 6.

          Telephone: 219-937-5500
          Telecopy: 219-937-5550

          Counsel for Defendants United States of America, Tonda Cockrell, and Gary L. Whisenand