UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DALE W. ECONOMAN; AND ECONOMAN AND ASSOCIATES FAMILY MEDICINE,<br><br>Plaintiffs,<br><br>-vs-<br><br>TONDA COCKRELL;<br>GARY L. WHISENAND;<br>THE GARRISON LAW FIRM L.L.C.,<br>JAMES LUTTRULL,<br>JESSICA KRUG, AND THE<br>UNITED STATES,<br><br>Defendants. | CASE NO: 1:20-cv-00032-GSL |

## PLAINTIFFS' MOTION TO RECONSIDER, RESPONSE AND OBJECTION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS, and REQUEST TO CERTIFY KRUG AND LUTTRULL'S APPEAL AS FRIVOLOUS

Pursuant to F.R.C.P 54(b) and 59(e), Plaintiffs respectfully request this Court reconsider its November 14, 2024 Order granting aspects of Defendants' collective *Motions to Reconsider*, and denying Plaintiffs' request for adherence to the remedy requested and appropriate under 56(f). Plaintiffs further object to a stay of these proceedings, and ask this Court to certify Defendants Krug and Luttrull's appeal of the denial of qualified immunity as frivolous.

> I. **This Court should reconsider its November 14, 2024 Order granting aspects of Defendants' motions to reconsider and denying *Plaintiffs' Objection and Response to Defendants' Collective Motions to Reconsider***

In issuing an order on summary judgment, the Court's inquiry and analysis had but *one* purpose: to determine whether the evidence presented a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

After considering and "persever[ing] through mountains of briefing", this Court granted summary judgment in Plaintiffs' favor *sua sponte* – and against all Defendants – based on the indisputable facts and law of the case. (ECF-225 at 32). This Court's review of the "hundreds, perhaps thousands, of material facts identified by both parties as relevant" – to include the deposition testimony of all Defendants – led this Court to repeatedly find that the Defendants drafted, reviewed and ultimately submitted affidavits to a court *which they knew they had no evidence to support*. (Id. at 18, 21, 23-24, 30, 31, 32)(emphasis added). This Court found that the indisputable material facts of this case supported only one conclusion – that all elements of Plaintiffs' malicious prosecution claims, 4th Amendment claims, and 5th Amendment claims were established as a matter of law.

All Defendants then filed motions to reconsider alleging error under F.R.C.P. 56(f). Defendants' 56(f) arguments rested on two grounds: 1) that this Court failed to give the Defendants notice that summary judgment may be granted **not** in their favor and instead in favor of Plaintiffs, and 2) that the Court failed to give Defendants a

4915-4371-9685, v. 1

fair opportunity to present evidence in opposition to the same. (See, for example, ECF-230 at 2,9; ECF-228 at 10; ECF-232 at 1).

The Court then announced that certain aspects of that ruling would be reconsidered, and that "the Court made its reconsideration decision not based on the parties' arguments, but on its own misstep". (ECF-242 at 3)(see also at 2: "the Court did not exactingly apply Rule 56(f)").

Plaintiffs, in turn, requested the Court remedy the "misstep" by providing the Defendants the reasonable notice and opportunity contemplated by 56(f). (ECF-238). Plaintiffs made this request based on longstanding 7th circuit caselaw establishing that a party **cannot** upend a ruling on summary judgment—even one entered *sua sponte*—"just because [it] disagrees with the outcome; they must also show that the lack of opportunity to brief the issue in some way prejudiced them." (ECF-238 at 5-6)(citing *Kellar v. Summit Seating Inc.*, 664 F.3d 169, 174 (7th Cir. 2011). "In seeking relief from a district court's issuance of an order of summary judgment in favor of the non-moving party, "the party seeking reconsideration of that ruling **must** identify additional evidence that would have saved it from summary judgment on that issue." (ECF-238 at 5)(citing *Herrera v. Fuentes*, 2023 WL 3601907, at *5 (N.D. Ill. May 23, 2023))(emphasis in original filing).

Instead, the Court essentially undid the granting of summary judgment in favor of Plaintiffs *sua sponte*, thereby denying the Defendants' motions for summary judgment as to Plaintiffs' malicious prosecution, 4th Amendment, and 5th Amendment

claims.[1] However, a denial of a motion for summary judgment would have required the Court to identify material facts that *are* genuinely in dispute, therefore making summary judgment inappropriate. *Anderson,* 477 U.S. at 251–52; (In deciding a motion for summary judgment, the Court's sole function is "to determine whether there is a genuine issue for trial." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014)).

Here, the Court identified a host of material facts that are **not** genuinely in dispute – and found that the uncontroverted evidence in this case was so one-sided that Plaintiffs must prevail as a matter of law. *Anderson,* 477 U.S. at 251-252. The required inquiry into whether there are any genuine factual issues that can only be resolved by a finder of fact "because they may reasonably be resolved in favor of either party" has already been completed by this Court. *Id.* at 250. In fact, and in granting summary judgment in favor of Plaintiffs, this Court found that there were **no** genuine factual issues that may reasonably be resolved in favor of the Defendants.

The Court subsequently limited its reconsideration to two (2) issues, and held that "the issue of qualified immunity will proceed to trial on February 3, 2025" and "the findings related to Defendants acting under color of state law for purposes of 42 U.S.C. Section 1983 liability will also proceed to trial". (ECF-242 at 4). However, those limitations have not established *what* – if any – genuine factual issues may reasonably be resolved in favor of either party, nor otherwise undone the analysis and findings contained within this Court's September 30, 2024 Order.

---

[1] The Court held that "the issue of qualified immunity will proceed to trial on February 3, 2025" and "the findings related to Defendants acting under color of state law for purposes of 42 U.S.C. Section 1983 liability will also proceed to trial". (ECF-242 at 4).

The parties spent an exorbitant amount of time, energy and resources on summary judgment briefing. As the Court has previously noted, the parties have submitted "mountains of briefing". Plaintiffs are also aware of the time, energy and resources that the parties' summary judgment motions and materials required of this Court.

This Court's decision on summary judgment should not be reconsidered because of a failure to provide the Defendants with – as they requested – the opportunity to respond.[2] Rather, this Court should simply allow the Defendants "a fair opportunity to present evidence in opposition of the court's entry of summary judgment" – which is, again, the exact relief the Defendants requested in the first place. *Pactiv Corp. v. Rupert*, 724 F.3d 999, 1004 (7th Cir. 2013)("Under the circumstances, the best course is a remand so that the district court can give the required notice and then entertain arguments").

Plaintiffs respectfully request that this Court grant the Defendants the opportunity they requested and appropriate under 56(f), thereby correcting the errors

---

[2] Plaintiffs respectfully suggest that the Court may have misinterpreted their November 8, 2024 filing objecting to Defendants' motions to reconsider and requesting clarification. (ECF-238). Plaintiffs anticipated the November 5, 2024 status conference to be a scheduling conference, and were not prepared to respond to Defendants' collective motions to reconsider – this is especially true as those three (3) distinct motions to reconsider had been filed some five (5) business days prior to the status conference, and in addition to motions filed by other Defendants. Nor were Plaintiffs expecting this Court to issue any Order on said motions to reconsider at the status conference. Plaintiffs requested clarification as the Court's Docket Entry of November 6, 2024 stated as follows: "Dft's respective Motions to Reconsider that the qualifies [sic] immunity findings be reconsidered. The Court will GRANT that aspect of the motions." (ECF 234). Plaintiffs subsequent objection and request for additional briefing was done in order to comply with the caselaw as cited in their filing (ECF-238) and to clarify what was actually being reconsidered by the Court – and not to further delay this matter. When Plaintiffs indicated that they were asking to be set for trial, the same was true to the extent that the Court's summary judgment order stood, and that a trial would only be necessary on Plaintiffs' failure to intervene claim and damages.

contained with the November 14, 2024 Order. This Court's "misstep" does not negate the reasoned findings of this Court, nor should it result in an even further delay for Plaintiffs or the awarding of a remedy that was not sought by Defendants. Seventh Circuit caselaw is clear, and a "litigant ... must show that notice and an opportunity to respond would have mattered." *Alioto v. Marshall Field's & Co.*, 77 F.3d 934, 936 (7th Cir. 1996)). Despite Defendants never making that showing – as Plaintiffs pointed out in their objection – the only other remedy that may be afforded by this Court is the right to notice and opportunity to respond. *Kellar v. Summit Seating Inc.*, 664 F.3d 169, 173, 2011 WL 6256181 (7th Cir. 2011). Any other conclusion of the Court would constitute a failure to recognize controlling precedent. *See Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

Therefore, this Court should order the Defendants to show cause as to why the original opinion and order on summary judgment should not be reinstated, and to do so by citation to specific material facts that **were not** identified in the Defendants' original summary judgment briefing. This would allow the Court to determine what – if any – new material facts exist that would justify the reconsideration of this Court's original order. If the Court does not do this, then Defendants will continue to take the illogical position that everything contained within the summary judgment order has been unwound – thereby essentially placing all parties, and this Court, back into the position they were in prior to any summary judgment filings being

submitted.[3] Finally, and as discussed infra, the parties' respective interpretations of where the factual record now stands as a result of the November 14, 2024 Order makes the determinations of the stay and frivolity of any appeal more difficult to establish.

II. **The Seventh Circuit lacks jurisdiction to hear an interlocutory qualified immunity appeal that does not present a pure question of law.**

Pursuant to 28 U.S.C. § 1291, Congress has granted jurisdiction to the federal appellate courts to hear appeals from "final decisions" of the district courts. This jurisdiction does not ordinarily permit appeals from an order denying a motion for summary judgment, but there is a "limited exception" to this general rule, which allows review of the denial of qualified immunity "if, and only if, the defendant presents a purely legal question for this court to review." *Hurt v. Wise*, 880 F.3d 831, 839 (7th Cir. 2018).

This limitation to "pure" legal issues is strict, and even cases which present intermixed issues of law and fact, or cases in which the evaluation of the legal issues requires revisiting the district court's factual determination, fall outside this limited jurisdiction. *See Hill v. Coppelson*, 627 F.3d 601 (7th Cir. 2010) (dismissing immunity

---

[3] As it stands now, the Court's November 14, 2024 Order results in Defendants taking the position that the Court's original decision to grant summary judgment in their favor on Plaintiffs' 1985 Conspiracy claim stays in place despite the fact that this Court only granted the same in Defendants' favor as it found the findings and any relief under Section 1985 to be duplicative of the Section 1983 findings and the liability established under the same. (*See Plaintiffs' Trial Brief*, ECF-265 at 2: Any other interpretation of the Court's orders issued on November 5, 2024, or November 14, 2024, would be legally and factually incongruent as—and for example—the September 30, 2024 Opinion and Order granted Luttrull, Krug, and Garrison Law Firm's request for summary judgment on Plaintiffs' Section 1985(3) conspiracy claim only because the Court was granting summary judgment on the 1983 claims in Plaintiffs' favor)(citing ECF-225 at 32: "All three actors have been found to be state actors, making relief under Section 1985 duplicative").

7

appeal for lack of jurisdiction where resolution of legal issues required revisiting district court's determination of the facts); *Levan v. George*, 604 F.3d 366 (7th Cir. 2010) (dismissing immunity appeal that presented both "factual determinations" and "the legal issue of qualified immunity" because it was "nearly impossible to sever the two questions").

A long line of cases from both the Supreme Court and the Seventh Circuit emphasize that this exception is narrow and that the limited jurisdiction of the appellate courts will be strictly policed. *See, e.g., Johnson v. Jones*, 515 U.S. 304, 314-17 (1995) (holding that district court decision finding a genuine issue of fact in the summary judgment record was not immediately appealable, and noting that "considerations of delay, comparative expertise of trial and appellate courts, and wise use of appellate resources argue in favor of limiting interlocutory appeals of 'qualified immunity' matters to cases presenting more abstract issues of law"); *Stinson v. Gauger*, 868 F.3d 516, 526 (7th Cir. 2017) (en banc) (finding no jurisdiction where defendants "seek a reassessment of the district court's conclusion that sufficient evidence existed for [plaintiff] to go to trial," rather than the "requisite abstract questions of law"); *Jones v. Clark*, 630 F.3d 677, 679-80 (7th Cir. 2011) ("a qualified-immunity appeal must focus exclusively on legal questions about immunity, rather than factual disputes tied up with the merits of the case").

### III. The Order on Reconsideration and Defendants' Notice of Appeal are Incompatible.

There are two (2) possible interpretations of the November 14, 2024 Order, as it stands, in reconsidering and therefore denying qualified immunity. The first is that

the Court now finds that there **are** material factual disputes relevant to qualified immunity.[4] The second is that the Court has reconsidered whether the fabrication of evidence violates a clearly recognizable constitutional right.

If the Court is now finding that there are material factual disputes relevant to qualified immunity, then the nature of those factual disputes are unknown to all parties. Nevertheless, Defendants Krug and Luttrull are **not** entitled to an interlocutory appeal of a denial of qualified immunity based on disputes of material fact – whatever those disputes may be. The Seventh Circuit recently reiterated the same:

> We have explained many times that we do not have jurisdiction to review qualified immunity denials on interlocutory appeal when the district court's decision, or the appellant's arguments, turn on disputes of material fact. Yet we continue to receive appeals from officers who challenge district court orders denying them qualified immunity because of disputed facts. So, we repeat: we may review district court orders denying qualified immunity on interlocutory appeal only when the appellant brings a purely legal argument that does not depend on disputed facts.

*Stewardson v. Biggs*, 43 F.4th 732, 734 (7th Cir. 2022), reh'g denied, No. 21-3118, 2022 WL 16954354 (7th Cir. Nov. 15, 2022)(citing *Bayon v. Berkebile*, 29 F.4th 850, 856 (7th Cir. 2022); *Ferguson v. McDonough*, 13 F.4th 574, 584 (7th Cir. 2021); *Day*

---

[4] The Court, having not reconsidered the granting of summary judgment against Cockrell on Plaintiffs' malicious prosecution claim (fabricating evidence and submitting a sworn affidavit to a Court that Cockrell knew she did not have evidence to support), has foreclosed the existence of any factual or legal finding that would support Cockrell being eligible for qualified immunity. The findings that this Court made regarding Cockrell's *actions* and *knowledge* establishing her liability for malicious prosecution mean that Cockrell cannot be eligible for qualified immunity. There is simply no contesting, as this Court pointed out, that "it has long been established that it is a constitutional violation to fabricate evidence in an affidavit." (ECF-225 at 30)(citing *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012) and *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008)).

*v. Wooten*, 947 F.3d 453, 459 (7th Cir. 2020); *Gant v. Hartman*, 924 F.3d 445, 451 (7th Cir. 2019); *Dockery v. Blackburn*, 911 F.3d 458, 465–66 (7th Cir. 2018))(internal citations omitted).

If this Court's reconsideration means that qualified immunity is denied because it remains an open question whether or not it is a *clearly established constitutional violation to fabricate evidence* in an affidavit, then that reversal would be based on a purely legal question. In that case, as a purely legal question, and if otherwise colorable, the same would be the sole issue permissible for an interlocutory appeal. On the other hand, if this Court's reconsideration means that qualified immunity is denied because a material factual dispute *now* exists on that issue – where it did not before – then the appeal is not ripe for review.

### IV. Any appeal by Krug and/or Luttrull would be frivolous

Assuming for the purposes of argument that this Court has reconsidered whether the fabrication of evidence violates a clearly established constitutional right, Krug and Luttrull's appeal would be frivolous under a host of Seventh Circuit caselaw. Assuming for the purposes of argument that this Court has now found that there **are** material disputes related to qualified immunity, Krug and Luttrull's appeal would still be frivolous.

The preeminent case on interlocutory qualified immunity appeals held that a "district court's denial of a claim of qualified immunity, *to the extent that it turns on an issue of law,* is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth,* 472

10

U.S. 511, 530 (1985)(emphasis added). An immediate appeal of a trial court's denial of qualified immunity is not permitted when the court's summary judgment order rests on a determination that there are genuine issues of fact requiring a trial. *Johnson v. Jones,* 515 U.S. 304, 319–320 (1995); *Taboas v. Mlynczak,* 149 F.3d 576, 579 (7th Cir. 1998). "If the district court's order rests on the existence of disputed factual issues, rather than on issues of law, the collateral order doctrine does not permit an immediate appeal from that decision." *Taboas,* 149 F.3d at 579; see also *Garvin v. Wheeler*, 304 F.3d 628, 633 (7th Cir. 2002).

In its first major foray into the issue at hand, the Seventh Circuit examined the application of the *Forsyth* doctrine in *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989). After agreeing with the *Forsyth* decision that in most cases appeals on immunity grounds should be undertaken prior to trial, the Court went further to discuss the dangers in allowing manipulative interlocutory appeals of qualified immunity decisions, and what trial courts may do to stop it. *Id.* at 1338-1339. The primary vehicle for preventing tactical appeals is through certification by the trial court that the appeal is frivolous. In those cases where the certification is made, the case may proceed to trial. *Id.*

Plaintiffs concede that in most cases "when a public official takes an interlocutory appeal to assert a **colorable** claim to absolute or qualified immunity from damages, the district court must stay proceedings." *Allman v. Smith*, 764 F.3d 682, 684 (7th Cir. 2014). This takes us back to *Forsyth* to answer the question of what constitutes a frivolous appeal? In short, the appeal must be "colorable." And a claim

11

is "colorable" *only* if it has some merit in fact and law. *Swofford v. Mandrell*, 969 F.2d 547, 552 (7th Cir. 1992). Specifically, a district court's order denying a defendant's summary judgment motion on qualified immunity grounds is immediately appealable, *i.e.* "colorable" only where (1) the defendant was a public official asserting a qualified immunity defense, and (2) the issue appealed concerned, not which facts the parties might be able to prove, but, rather, whether or not certain set of given facts show a violation of "clearly established" law. *Mitchell,* 472 U.S. at 528. The Supreme Court reiterated this in *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995), in holding that a defendant may not appeal a district court's interlocutory summary judgment order when that order determined that there were "genuine" issues of fact for trial.

The only determination for an appellate court is: whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions. *Mitchell, 472 U.S. at 528.* Or, in cases where the district court has denied summary judgment for the defendant on the ground that even under the defendant's version of the facts the defendant's conduct violated clearly established law, whether the law clearly proscribed the actions the defendant claims he took. *Id.* In this case, therefore, the only legal issue Krug and Luttrull may now appeal is whether the fabrication of evidence violates a clearly established constitutional right.[5]

---

[5] When entertaining an interlocutory appeal by a public official who seeks the shelter of qualified immunity, the threshold question is: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the [public official's] conduct violated a constitutional right?" *Saucier v. Katz,* 533 U.S. 194, 201 (2001)(see also, e.g., *Brosseau v. Haugen,* 543 U.S. 194, 197

This is what makes this appeal particularly frivolous. The Seventh Circuit is quite clear, as this Court found, that there is "no disputing that such conduct [as fabricating evidence] violates clearly established constitutional rights". (ECF-225 at 30)(citing *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012) and *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008)). Quite simply, any appeal challenging whether or not the fabrication of evidence violates clearly established constitutional rights flies in the face of a host of caselaw from both the Seventh Circuit and United States Supreme Court.

V. **The appeal is even more frivolous because Defendants Krug and Luttrull did not assert a qualified immunity defense concerning the forfeiture proceedings brought against Plaintiffs.**

"When a party fails to develop an argument in the district court, the argument is waived, and we cannot consider it on appeal." *Ross v. Fin. Asset Mgmt. Sys., Inc.*, 74 F.4th 429, 434 (7th Cir. 2023) (citing *Frey Corp. v. City of Peoria.*, 735 F.3d 505, 509 (7th Cir. 2013)); *Hutt v. AbbVie Prods. LLC*, 757 F.3d 687, 695 (7th Cir. 2014). "A party waive[s] the ability to make a specific argument for the first time on appeal when the party fail[s] to present that specific argument to the district court". *Frey Corp. v. City of Peoria, Ill.*, 735 F.3d 505, 509 (7th Cir.2013)

Krug and Luttrull did not assert that they are entitled to qualified immunity for their actions in relation to the forfeiture proceeding, and have therefore waived

---

(2004); *Newsome v. McCabe*, 319 F.3d 301, 303–04 (7th Cir.2003)). Only if the answer is affirmative does the court inquire whether the official enjoys qualified immunity. "[I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Saucier*, 533 U.S. at 201.

13

that argument on appeal. In fact, an entire section of their summary judgment briefing was entitled: "Defendants Krug and Luttrull are entitled to absolute prosecutorial immunity or qualified immunity for actions taken in the prosecution of the criminal matter and the medical licensing matter." (ECF-181 at 16). There are simply no requests by Defendants Krug and Luttrull to be afforded qualified – or absolute – immunity for their actions related to the forfeiture cause of action.

Any appeal by Krug and Luttrull related to a denial of qualified immunity as it relates to Plaintiffs' claims arising out of the forfeiture action would be frivolous, as the same has been waived.

## V. Defendants have not met the burden for the extraordinary relief they are seeking.

A stay is extraordinary relief. *Roland Machinery Co. v. Dresser Industries, Inc.,* 749 F.2d 380, 387 (7th Cir.1984). And a party seeking that extraordinary relief must make a showing that it has a significant probability of success on the merits; that it will face irreparable harm absent a stay; and that a stay will not injure the opposing party and will be in the public interest. *Hinrichs v. Bosma,* 440 F.3d 393, 396 (7th Cir. 2006)(internal citation omitted). Defendants have not met these burdens.

## VI. This Court's findings and Plaintiffs allegations reiterate the frivolousness of any appeal

Judge Lee previously held that neither Krug nor Luttrull were entitled to absolute immunity for actions undertaken during the investigation, as no prosecutorial immunity can exist before probable cause is established. (ECF-35 at

14)(*citing Buckley v. Fitzsimmons*, 509 U.S. 259, 274 (1993))('A prosecutor neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested.").

This Court went further and found that no probable cause ever existed – and that all collective Defendants drafted, reviewed, and submitted evidence to a court which they knew they did not have evidence to support.[6] In fact, and in **granting** Defendants' motions for summary judgment on Plaintiffs' Fourteenth Amendment claim, this Court specifically held that "the blame may only be placed on the state and federal investigators who wrote, reviewed, or submitted affidavits containing fabricated information". (ECF-225 at 31)(See also "[the Defendants] jointly wrote the untruthful affidavits which were provided to the Grant County Judge in support of Defendant's request that Plaintiffs' assets be seized" at 18).

Moreover, this Court explicitly found, after a review of all of the evidence in this case, that the only prosecutor involved in this matter was Luttrull. (ECF-225 at 28)("Here, the only prosecutor was Defendant Luttrull."). Any appeal by Krug seeking absolute immunity is frivolous as she was never a prosecuting attorney assigned to the forfeiture cause, probable cause was never established on either case, and she conspired with other actors in furtherance of the submission of fabricated evidence. Additionally, this Court reasoned, based on the evidence, that it was uncontroverted

---

[6] (ECF-225 at 21)("Defendant Whisenand has a second affidavit, which is almost identical to the first affidavit, with the addition of few paragraphs citing case law, and was used in the criminal case. Defendant Luttrull also reviewed and approved the final draft of this affidavit. Because the contents of this affidavit are largely the same as the first, this affidavit suffers the same defects, and eliminating the statements Defendant Whisenand admitted he had no evidence for, and removing the "INSPECT" data, strips this affidavit of details essential to the finding of probable cause, as well.")(internal citations omitted).

15

that Krug and Luttrull acted as investigators, and that their relevant conduct occurred prior to the establishment of probable cause. Examples of those findings include, without limit:

- "Krug investigated Plaintiffs and drafted the affidavits used in the proceedings" (ECF-225 at 10).

- "Defendant Krug left line-by-line edits and feedback in [Defendant Whisenand's] affidavit." (ECF-225 at 17).

- "Because the Defendants met several times to discuss the case against Plaintiffs, and because they jointly wrote the untruthful affidavits which were provided to the Grant County Judge in support of Defendant's request that Plaintiffs' assets be seized, there is sufficient evidence of a conspiracy between Defendants Luttrull, Krug, Garrison Law Firm, Whisenand and Cockrell." (ECF-225 at 18).

- "After the search warrant had been executed and the civil forfeiture had been filed, but still before criminal charges were filed, Defendant Luttrull specifically instructed Defendants Whisenand and Cockrell to conduct certain additional interviews and investigate other specific items. Defendant Luttrull does not appear, to this Court, to have been acting in a purely prosecutorial manner. He seems to have been intimately involved in the investigation from early-on, even going so far

4915-4371-9685, v. 1

as to direct it at certain points. (ECF-225 at 28)(internal citations omitted).

These findings cannot now be disputed by Krug and Luttrull as the basis for any interlocutory appeal. The Seventh Circuit has consistently held that a cry of "I didn't do it" does not present any distinctly legal issue or seek protection from legal uncertainty, and therefore cannot be raised in an interlocutory appeal from the denial of qualified immunity. *Garvin v. Wheeler*, 304 F.3d 628, 634 (7th Cir. 2002)(internal citations omitted).

Nevertheless, this Court is not powerless to prevent the litigation from grinding to a halt while Krug and Luttrull pursue this frivolous appeal. The Seventh Circuit saw these circumstances coming from a mile away when they instructed trial courts to protect the "legitimate interests of other litigants and the judicial system" from doomed qualified immunity appeals by certifying them as frivolous. *Apostol v. Gallion*, 870 F.2d 1335, 1338-40 (7th Cir. 1989). Absent this certification, the notice of appeal would deprive the district court of jurisdiction and, in effect, postpone the trial indefinitely. *Id.* This Court should exercise this authority and certify Defendant Krug and Luttrull's appeal as frivolous.

## CONCLUSION

Wherefore, Plaintiffs respectfully request this Court reconsider its November 14, 2024 Order which granted aspects of the Defendants' motions to reconsider. Having waded through voluminous submissions and briefings of the parties, and carefully considered the same, this Court determined that Plaintiffs had proven all

17

elements of their malicious prosecution, 4th Amendment and 5th Amendment claims. Any "misstep" on behalf of the Court under Rule 56(f) should not – and cannot under a wealth of caselaw – result in any reconsideration of that reasoned holding, and the only appropriate remedy is to grant the Defendants the recourse they sought: additional time to attempt to come up with facts and evidence to change this Court's mind. Plaintiffs ask this Court to order that Defendants show cause as to why summary judgment should not be granted in Plaintiffs' favor, consistent with the September 30, 2024 Order, by citation to specific material facts that **were not** identified in the Defendants' original summary judgment briefing. Plaintiffs further ask that Defendants request to stay these proceedings be denied, and Defendant Krug and Luttrull's appeal be deemed frivolous.

Respectfully Submitted,
DENSBORN BLACHLY LLP


/s/ *Gillian D Keiffner*
Gillian D. Keiffner, Atty No. 26804-49
Eric D. Schmadeke, Atty No. 27329-49
DENSBORN BLACHLY LLP
500 East 96th Street, Suite 100
Indianapolis, IN  46240
gkeiffner@dblaw.com
eschmadeke@dblaw.com

*Attorneys for Plaintiffs Dale W. Economan and Economan and Associates Family Medicine*

4915-4371-9685, v. 1

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of December, 2024, the foregoing pleading was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Jennifer Cook
Jennifer.Cook2@usdoj.gov

Wayne T. Ault
Wayne.Ault@usdoj.gov

Madison Lo Dolce
Madison.lodolce@usdoj.gov

Michael E. Brown
Mbrown@k-glaw.com

Betsy M. DeNardi
Betsy.DeNardi@atg.in.gov

Cory C. Voight
Cory.Voight@atg.in.gov

Carly A. Brandenburg
cbrandenburg@eichhorn-law.com

I also certify that on December 11, 2024, a copy of the foregoing document was served by United States First Class mail, postage prepaid on:

Betsy M. DeNardi
Cory C. Voight
Office of the Indiana Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770

/s/ *Gillian D. Keiffner*
Gillian D. Keiffner

4915-4371-9685, v. 1