UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DALE E. ECONOMAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 1:20-cv-32 |
| | ) | |
| UNITED STATES OF AMERICA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' JOINT REPLY
IN SUPPORT OF THEIR MOTION TO STAY PROCEEDINGS**

On December 11, 2024, Plaintiffs filed their "Motion to Reconsider, Response and Objection to Defendants' Motion to Stay Proceedings, and Request to Certify Krug and Luttrell's Appeal as Frivolous," (Pls.' Response) ECF No. 287. All Defendants, Tonda Cockrell, Gary L. Whisenand, the Garrison Law Firm LLC, James Luttrull, Jessica Krug, and the United States (together, "Defendants"), by counsel, hereby reply to Plaintiffs' filing in support of their request that the Court stay all proceedings pending the outcome of the interlocutory appeal filed in the Seventh Circuit, by Defendants James Luttrull and Jessica Krug on November 26, 2024, and by the Garrison Law Firm on December 10, 2024.

Instead of responding to the clear precedent cited in the motion to stay supporting that motion, the Plaintiffs attempt to link their objection to a renewed request that the Court change its prior ruling on all Defendants' Motions to Reconsider. First, the Court has already rejected Plaintiffs' arguments. Second, Plaintiffs misstate the case law on reconsideration and summary judgment. Finally, Plaintiffs' argument, even if accepted, would support a conclusion that the case cannot proceed to trial as currently scheduled. Therefore, the Court should again reject Plaintiffs' arguments regarding its prior orders on the Motions for Reconsideration.

Because Plaintiffs do make certain arguments regarding specific Defendants, those Defendants have responded as necessary. However, in the interests of convenience for the Court, the Defendants are still filing a single, joint reply.

**I.      The Court Should Again Decline to Reconsider Its Grant of Defendants' Motions to Reconsider**

On November 5, 2024, the Court ruled on all Defendants' Motions for Reconsideration. *See* ECF No. 234. On November 8, 2024, Plaintiffs filed a document they styled "Plaintiffs' Objection and Response to Defendants' Collective Motions to Reconsider and Request for Clarification of the Court's November 6, 2024 Docket Entry." *See* ECF No. 238. In that filing, Plaintiffs requested that the Court reconsider its grant of reconsideration and set a deadline for Defendants to submit new evidence on the Motions for Summary Judgment. *Id.* at pg. 9. On November 14, 2024, the Court rejected Plaintiffs' request. *See* Op. & Order, ECF No. 242, at pg. 2–3 ("The Court DENIES Plaintiffs' request for additional briefing; it is not necessary.").

In what is nominally Plaintiffs' opposition to Defendants' Joint Motion to Stay, Plaintiffs renew this request. *See* ECF No. 287, pg. 18. But Plaintiffs make no new arguments on this point. Plaintiffs only restate, including citing to, their already-rejected request. *See, e.g.,* ECF No. 287, pg. 3 (citing Plaintiffs' filing at ECF No. 238). That the Court has already rejected this request once makes Plaintiffs' renewed request all the more inappropriate. *See, e.g., Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (noting that "disappointment of the losing party" is not a reason to revisit a prior ruling); *see also Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (noting that parties should not rehash previously-rejected arguments).

In an attempt to support this renewed request, Plaintiffs misstate the case law in two ways. First, Plaintiffs claim the Court is obligated "to identify material facts that *are* genuinely in dispute, therefore making summary judgment inappropriate." ECF No. 287, pg. 4 (emphasis in original)

2

(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986), *and Tolan v. Cotton*, 572 U.S. 650, 657 (2014)). Neither cited case stands for Plaintiffs' proposed principle, that a Court is obligated to identify specific facts that are, or are not, genuinely in dispute in ruling on summary judgment. *Compare* Fed. R. Civ. P. 56(a) ("The court should state on the record the reasons for granting or denying the motion,") *with* 56(g) ("[The court] may enter an order stating any material fact . . . that is not genuinely in dispute."). Second, Plaintiffs claim that providing any relief other than notice and an opportunity to respond "would constitute a failure to recognize controlling precedent." ECF No. 287 (citing *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (quoting *Oto*, 224 F.3d at 606)). But Plaintiffs are wrong. The Federal Rules of Civil Procedure and controlling case law allows a Court to fashion its own remedies in revisiting its own orders. *See, e.g., Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012) (holding a district court judge, under Rule 54(b) properly reconsidered and revised an order); *Russell v. Delco Remy Div. Gen. Motors Corp.*, 51 F. 3d 746, 749 (7th Cir. 1995) ("[Rule 59(e)] essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings."); *see also* Fed. R. Civ. P. 54(b) and 59(e). Nothing in the rules or case law limits what the Court may do, having properly decided to reconsider its orders.

Finally, quite aside from the meritless substance of Plaintiffs' argument, the argument is not one in opposition to the Motion to Stay. Even if the Court were inclined to grant Plaintiffs' requested relief, in contradiction to its prior commentary on the request, such relief would take time, in that it would require further briefing by all defendants and another decision by the Court. The parties are presently set for trial on February 3, 2025. *See* ECF No. 234. As a result, although Plaintiffs have styled their filing as an opposition to the Motion to Stay, Plaintiffs' requested relief undermines any opportunity to proceed to trial as scheduled.

3

For all these reasons, Defendants ask the Court to reject Plaintiffs' second attempt to argue against the Court's already-decided relief.

## II.    State Defendants' Appeal is Not Frivolous

In responding to all Defendants' Joint Motion to Stay, Plaintiffs request this Court take the extraordinary action of declaring the appellate court lacks jurisdiction to hear Krug and Luttrell's appeal and that the appeal is otherwise frivolous. As the Seventh Circuit has noted, "[s]uch a power must be used with restraint, just as the power to dismiss a complaint for lack of jurisdiction because it is frivolous is anomalous and must be used with restraint." *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989). Indeed, Plaintiffs concede that most interlocutory appeals of immunity are appropriate. Pls.' Response, ECF No. 287, pg. 11. Here, Krug and Luttrull clearly noted in their summary judgment briefing, as to the first prong of the qualified immunity test, that under the facts presented (either undisputed or in the light most favorable to Plaintiffs) they caused no constitutional deprivation. As to the second prong (in light of the first prong), it was not clearly established their actions were against the law. Plaintiffs' protestations in the Response seeking to shoehorn the facts into "fabrication of evidence" disregards the first prong of the test. All of this is to say that the appeal does not approach being described as frivolous.

In any event, despite the fact that the appeal is not frivolous, the real problem with Plaintiffs' response is that it is really no response to the request for stay, and Plaintiffs have not otherwise moved for the foregoing relief they request—they just responded. It is undisputed by Plaintiffs that the parties will incur significant time and expense in preparing for the January 9, 2025, Final Pre-Trial Conference and the February 3, 2025, Trial currently set for five days. It is also undisputed that if the case proceeds to trial while the interlocutory appeal is pending and the appellate court ultimately affirms the Court's ruling, then another trial will necessarily need to be conducted. Plaintiffs offer no response to these practical realities.

4

Even if Plaintiffs had moved for the relief they request in their Response and the Court were to grant such relief and otherwise deny the Joint Motion to Stay, this does not end the appellate proceedings that have been initiated by Luttrull and Krug and now also, the Garrison Law Firm[1]. Rather, the Seventh Circuit will consider any jurisdictional question. Also, Defendants will be afforded the opportunity to move the appellate court for a stay of the district court proceedings. *See Apostol*, 870 F.2d at 1339 ("If we conclude that the appeal invokes our power and presents a genuine issue, the trial must be postponed until the appeal is resolved"). As such, this Court will lack certainty that a denial of Joint Motion to Stay for the reasons advanced by Plaintiffs will not unnecessarily duplicate the proceedings at the expense of all parties.

**III.    Defendant Cockrell Has Not Filed a Notice of Appeal**

Plaintiffs note in their brief that the Court's finding of liability as to Defendant Cockrell on the malicious prosecution claim remains. *See* ECF No. 287, pg. 9 n.4. Plaintiffs argue this renders Defendant Cockrell ineligible for qualified immunity. *Id.* Defendant Cockrell has not, to date, filed any Notice of Appeal. Therefore, Plaintiffs' points regarding Defendant Cockrell are not presently relevant to whether the case should be stayed.

**IV.    The Court should grant the Motion to Stay during the appeal**

As set forth in the Motion to Stay, it is customary for the District Court to await a ruling on an appeal of a denial of qualified immunity before proceeding to trial. *Driftless Area Land Conservancy v. Valcq.*, 16 F.4th 508, 518 (7th Cir. 2021). Doing so is consistent with the right to be free from the burdens of litigation, and not just liability, that makes up qualified immunity. *See Mitchell v. Forsyth*, 472 U.S. 511, 256 (1985) ("The entitlement [of qualified immunity] is an

---

[1] At hearing on November 5, 2024, before this Court, the federal defendants' counsel indicated they too were considering an interlocutory appeal and had sixty (60) days to do so. That time has not yet expired.

*immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.") (emphasis in original). The precedent cited by the Defendants in the Joint Motion, ECF 253 at ¶ 3, stands uncontroverted by Plaintiffs' attempt to deflect the Court from the issue at hand. As such the reasoning of the motion remains uncontroverted and it should be granted.

Respectfully submitted,

/s/ *Michael E. Brown (with permission)*
MICHAEL E. BROWN
TAYLOR D. FREED
Kightlinger & Gray, LLP
221 N. Pennsylvania Street
One Indiana Square, Suite 300
Indianapolis, IN 46204
T: (317) 638-4521
mbrown@k-glaw.com
*Counsel for The Garrison Law Firm*

/s/ *Jennifer Cook (with permission)*
WAYNE T. AULT
JENNIFER COOK
MADISON LO DOLCE
Assistant US Attorneys
5400 Federal Plaza, Suite 1500
Hammond, IN 46320
T: (219) 937-5500
F: (219) 937-5550
Jennifer.cook2@usdoj.gov
*Counsel for Tonda Cockrell, Gary Whisenand, and United States of America*

/s/ *Betsy M. DeNardi*
BETSY M. DENARDI
CORY C. VOIGHT
Office of the Indiana Attorney General
302 West Washington Street
Indianapolis, IN 46204
betsy.denardi@atg.in.gov
*Counsel for James Luttrull and Jessica Krug*