UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DALE W. ECONOMAN, et al., <br><br>　　Plaintiffs, <br><br>　　v. <br><br> TONDA COCKRELL, et al., <br><br>　　Defendants. | Case No. 1:20-CV-32-GSL |

## **ORDER**

On November 27, 2024, all Defendants, including Tonda Cockrell, Gary L. Whisenand, The Garrison Law Firm L.L.C., James Luttrull, Jessica Krug, and the United States requested this Court stay all proceedings pending the outcome of the interlocutory appeal filed by Defendants James Luttrull and Jessica Krug on November 26, 2024. [DE 251; DE 253]. Plaintiffs responded to Defendants' Motion to Stay on December 11, 2024, at [DE 287], with Defendants replying on December 18, 2024, at [DE 289]. Having reviewed the parties' respective arguments, the Motion to Stay, [DE 253], is GRANTED.

I.　　**Defendants' Motion to Stay is Granted**

On November 26, 2024, Defendants James Luttrull and Jessica Krug filed an interlocutory appeal requesting review of this Court's denial of qualified immunity in the September 30, 2024 Opinion and Order resolving the Motions for Summary Judgment, and the November 5, 2024 hearing resolving the Motions for Reconsideration. [DE 225, 234, 239, 242]. In both, the Court denied Defendants Luttrull's and Krug's assertions of absolute and qualified immunity against Plaintiff's claims of malicious prosecution (wrongful use of civil proceeding), fourth amendment violations, and fifth amendment violations. [DE 254].

"Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation. The privilege is an immunity from suit rather than a mere defense to liability; and, like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Allman v. Smith*, 764 F.3d 682, 684 (7th Cir. 2014) (citing *Siegert v. Gilley,* 500 U.S. 226, 232-33 (1991)); *see Mitchell v. Forsyth*, 472 U.S. 511, 525-27 (1985)). And so "when a public official takes an interlocutory appeal to assert a colorable claim to absolute or qualified immunity from damages, the district court must stay proceedings." *Allman v. Smith*, 764 F.3d 682, 684 (7th Cir. 2014) (quoting *Goshtasby v. Board of Trustees of University of Illinois*, 123 F.3d 427, 428 (7th Cir. 1997)). Once a trial has taken place, the official has incurred the very costs the doctrine is designed to avoid, and thus any review that can occur at the end of the case is limited at best. *Estate of Davis v. Ortiz*, 987 F.3d 635, 639 (7th Cir. 2021) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-27 (1985)).

The privileges of absolute and qualified immunity are lost if a case is erroneously permitted to proceed to trial. *See Allman*, 764 F.3d 682, 684. For this reason, Defendants Luttrull's and Krug's appeal is not frivolous. And, for the same reason, Defendants' Motion to Stay, [DE 253], is GRANTED. Plaintiffs' Motion to Reconsider, [DE 287], is DENIED. All Parties' Motion for Clarification, [DE 279], is also DENIED.

SO ORDERED.

ENTERED: January 2, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court