UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DALE W. ECONOMAN, et al.,

    Plaintiffs,

    v.	Case No. 1:20-CV-32-GSL

TONDA COCKRELL, et al.,

    Defendants.

## **ORDER**

On January 12, 2026, the Seventh Circuit entered their decision in 24-3165, which resolved Defendants' pending appeals. On March 10, 2026, this Court received its Mandate from the Seventh Circuit regarding that decision. [DE 303].

The Seventh Circuit found that all Defendants were entitled to qualified immunity for any alleged violations of the Fifth Amendment. [DE 303-1, Page 9]. This left only the Fourth Amendment claim, which the Seventh Circuit found was based solely on the civil forfeiture proceeding.[1] [*Id.* at 5]. The Seventh Circuit found that Defendants Krug and Luttrull were entitled to absolute immunity for any and all claims asserted against them, which included alleged violations of the Fourth Amendment. [*Id.* at 18]. Similarly, the Seventh Circuit found that Defendant Whisenand was entitled to qualified immunity for alleged violations of the Fourth Amendment. [*Id.* at 9, 15].

This left Defendants Garrison Law Firm, Cockrell, and the USA. The Seventh Circuit declined to decide Defendant Garrison Law Firm's appeal, because it remains disputed whether

---

[1] "At oral argument, Economan stated that he brought Fourth and Fifth Amendment claims against each defendant based *solely* on the civil forfeiture proceeding. We accept his representation and consider any other Fourth and Fifth Amendment claims *waived for all purposes in this litigation*." [DE 303-1 at 5 (emphasis added)].

Defendant Garrison Law Firm was aware of the false information included in Defendant Cockrell's affidavit, which their qualified immunity argument turned on. [*Id.* at 16-17]. Furthermore, Defendant Cockrell did not appeal the finding of liability against her for violating the Fourth Amendment, so that finding of liability still stands. [*Id.* at 6]. Finally, the U.S.A. did not appeal.

All parties were entitled to qualified immunity on the Fifth Amendment claim, and therefore, only the Fourth Amendment claim based on the civil forfeiture proceeding remains. Because Defendants Krug, Luttrull and Whisenand are immune from suit for the Fourth Amendment claim, they are terminated from the case. The Clerk is DIRECTED to enter judgment for Defendants Krug, Luttrull and Whisenand, and against Plaintiff.

The Fourth Amendment claim proceeds only against Defendants Garrison Law Firm and the USA. Pursuant to the Court's Summary Judgment Order at [DE 225], the Court already found Defendant Cockrell liable for violations of the Fourth Amendment, which she did not appeal. All parties not terminated are ORDERED to appear via Zoom for the status conference on April 28, 2026 at 1:30PM CT.

SO ORDERED.

ENTERED: March 11, 2026

/s/ GRETCHEN S. LUND  
Judge  
United States District Court

2